### 41464. VARNADOE et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

Argued September 9, 1965—Decided September 23, 1965.

*Dawson & Phillips, Richard D. Phillips,* for plaintiffs in error.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr.,* contra.

Nichols, Presiding Judge. The policy of insurance obligated the insurer to pay on behalf of the insured all sums which he should become legally obligated to pay as damages because of injury to persons or damages to property except that it excluded from such coverage bodily injuries sustained by "the insured or any member of the family of the insured residing in the same household as the insured."

In *Morris v. State Farm Mut. Auto. Ins. Co.,* 88 Ga. App. 844 (78 SE2d 354), it was held that the above exclusionary clause was not against public policy. Therefore, the sole question for decision in the present case is whether under a proper construction of the evidence presented in support of the insurer's motion

for summary judgment the children of Sammy K. Varnadoe, Jr., were members of his family residing in his household. If a genuine issue of fact was presented as to such issue, then the judgment granting the insurer a summary judgment and exonerating it from liability on such insurance contract must be reversed.

In support of the insurer's motion for summary judgment the depositions of Iris D. Varnadoe and Sammy K. Varnadoe, Jr., were introduced. These depositions show that at the time of the occurrence out of which the original lawsuit arose Sammy K. Varnadoe, Jr., and Iris D. Varnadoe were husband and wife living in the same house, that they were having marital difficulty and he was sleeping in a room or office attached to the house which he considered to be a separate residence from his wife's, but that he was making payments on the house and without feeling the need to ask permission was driving "his wife's" automobile at the same time she was driving his and had the wreck wherein the children sustained bodily injuries. He also testified in such deposition that he had sought counsel with reference to a divorce and property settlement but that he and his wife settled their differences and began living together again as husband and wife in May after the wreck occurred in January 1964.

In opposition to such motion Iris D. Varnadoe filed an affidavit in which she denied that they were a family living in the same household when the wreck occurred; however, in her deposition she testified to substantially the same facts as did Sammy K. Varnadoe, Jr. in his deposition.

In passing upon a motion for summary judgment the trial court is bound by the facts presented in affidavits, depositions, etc., and not the conclusions stated therein. In *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 769 (115 SE2d 374), in dealing with the motion for summary judgment, it was pointed out that the mere statement or contention of a party cannot vary the terms of a written contract which is the basis of the litigation.

In the present case the contention of the Varnadoes that they and the children were not a family living in the same household must yield to the facts which they testified existed.

They were husband and wife and parents of the children in-

jured. The marriage was not dissolved, and they, while occupying separate rooms, resided in the same house, used each other's automobile and he continued to make the payments on the house. The separation was a temporary one, for they settled their differences without any formal action. The duty to fully support the wife and minor children continued to exist during such period, and while as between single adults constituting a "household" (e.g. adult children living with their parents) mere intent to no longer continue as a member of such "household" coupled with some action to remove themselves from such household may be sufficient to end their membership in such household, however, as between husband and wife while they may temporarily sojourn to another place of abode, in anger, humiliation, fear or on business, they are still a part of the same household so long as no action is taken to end the marital relationship or to require alimony. "In this State the husband is the head of the family, and as such has the right to fix the matrimonial residence without the consent of the wife; and the wife is bound to follow her husband, when he changes his residence, provided the change is made by him in good faith, and not from whim or caprice, or as mere punishment of the wife, or to a place where he does not intend to reside, or to a place where her health or comfort will be endangered." *Pace v. Pace,* 154 Ga. 712 (2) (115 SE 65).

The trial court properly found that the children of Sammy K. Varnadoe, Jr., were members of his family residing in the same household and that no genuine issue of fact existed. Accordingly, the judgment granting the insurer's motion for summary judgment was not error for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*