## 42434. KEENE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

DEEN, Judge. 1. This is a garnishment proceeding against the insurer by the mother of the insured on a contract of automobile liability insurance who had previously obtained a judgment against her son for personal injuries sustained in a collision due to his negligence. The defendant relies on the exclusion in the clause of coverage for bodily injuries "to any member of the family of the insured residing in the same household as the insured." The proof showed that at the time of the collision and for some years previously the insured, an unmarried adult 40 years of age, had most of the time given his mother's residence as his mailing address; that he ate either with his mother and other persons staying at the house, or in restaurants, or occasionally at the home of

a sister; that there was a small one-room structure on the property separate from the house which contained a bed and that he had the privilege of sleeping there or in a room within the house; that when on the premises he usually used the separate structure for sleeping, but as it had no toilet or bathing facilities he used the bathroom in the house for that purpose. As to why he slept there if there was a room for him within the house, he stated: "They give me the room, but I used the little house more than I did it on account she was keeping young-uns, I would go out there so they wouldn't make so much fuss in there." He paid his mother enough to take care of the extra expenses caused by his presence. The jury trying the traverse to the garnishment found for the defendant.

2. Black's Law Dictionary defines a household as "a family living together," and family as "a collective body of persons who live in one house or within the same curtilage and under one head or management." *Varnadoe v. State Farm Mut. Auto. Ins. Co.*, 112 Ga. App. 366 (145 SE2d 104) held that single adults living together may constitute a household and that, in the case of an adult child living with parents, the relationship might be ended by intent no longer to continue as a member of the household coupled with some action on the part of the person removing himself therefrom. Indubitably, the evidence here is sufficient to show that the insured was a member of the mother's household within the meaning of these definitions, and would not demand a conclusion that his action in sleeping in the detached structure located within the same curtilage was the expression of an intent to sever the household connection.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED NOVEMBER 7, 1966—DECIDED NOVEMBER 15, 1966.

*Cowart, Sapp, Alaimo & Gale, G. B. Cowart*, for appellant.

*Conyers, Fendig, Dickey & Harris, Chris Conyers*, for appellees.