## 46210. RAINWATER CONSTRUCTION COMPANY, INC. v. EVANS.

PANNELL, Judge. LaFayette Evans brought a complaint against T. E. Driskell d/b/a T. E. Driskell Grading Company, and Rainwater Construction Company, Inc., seeking recovery for injuries sustained as the result of alleged negligence of the defendants when a concrete block wall on certain premises fell on the plaintiff. Rainwater Construction Company, Inc., made a motion for summary judgment and, upon the hearing based upon the materials and evidence introduced, contended that Driskell was a subcontractor to do grading work on a construction job of which movant was the general contractor, and that Driskell, as such, was an independent contractor. An analysis of the affidavit and materials submitted failed to disclose as a matter of law (1) that Driskell was an independent contractor, or (2) that the fall of the wall was not occasioned by any negligence of either Driskell or movant. Statements in the affidavit of the president of movant company that Driskell was an "independent subcontractor" and the movant "did not have possession or control of the premises in question" and "did not have control of any person who was on or about the premises at the time the wall allegedly fell on the plaintiff" and that movant "had no responsibility whatsoever for the condition of the wall or for any of the employees, agents, or servants of any other entity who had performed work in connection with the said wall"

either amount to conclusions of the pleader or failed to show as a matter of law that no act of the movant or its agents or servants contributed to the fall of the wall. See *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104); *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 794 (178 SE2d 710); *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (1, 2, 3) (170 SE2d 737); *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114); *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90 (3) (176 SE2d 487). The trial court did not err in denying movant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
SUBMITTED MAY 4, 1971—DECIDED JULY 16, 1971.

*Ingram, Flournoy & Downey, Lynn Downey,* for appellant.
*Van Gerpen & Bovis, E. J. Van Gerpen, Steven J. Kyle, Vernon W. Duncan,* for appellee.