## 50607. COTTON STATES MUTUAL INSURANCE COMPANY v. McEACHERN.

MARSHALL, Judge.

The appellant, Cotton States Mutual Insurance Company, brought action against its insured, D. E. McEachern, Jr., seeking a declaration of its liability under an uninsured motorist clause in an insurance policy issued to its insured. It appeals from a denial of its motion for summary judgment.

D. E. McEachern's son was married in December, 1972, and the son and daughter-in-law made their marital residence with his father from December, 1972,

until about September 1, 1973. During this period of time the son was employed in construction work but received about 50% of his support from his father. Additionally, the father furnished his son the exclusive use of an automobile purchased and owned by the father.

On or about September 1, 1973, the son purchased a home in his name about a mile and a half from his father's residence. The father made the down payment as a gift and purchased most of the furniture for the house. At this same time, the son began paying for most of his and his wife's expenses, though the son and his wife continued to eat most of their meals at his father's residence. The son considered that he supported his wife and was mostly dependent upon his own resources; he did not claim to be living in his father's home; he believed himself to be the head of his own household and that his father was head of a different household.

Some six weeks after moving to the new home, on October 10, 1973, the son's wife, while riding a bicycle on a road near their home, was struck from behind by an unidentified hit and run driver. As the result of the incident, the wife suffered serious personal injuries.

The son brought suit against John Doe pursuant to the authority of Ga. L. 1963, p. 588, as amended by Ga. L. 1972, pp. 882, 883 (Code Ann. § 56-407.1) for recovery of hospital and medical bills resulting from the treatment of his wife for personal injuries and on behalf of himself for loss of consortium, basing his right of recovery on the uninsured motorist coverage in an automobile liability insurance policy issued to his father.

In substance and as pertinent, the uninsured motorist section of the father's policy defines "insured" as (a) the named insured (the father) and any relative; and (c) any person, with respect to damages he is entitled to recover because of bodily injury sustained by an insured under (a) above. Relative is defined as "A person related to the named insured by blood, marriage or adoption who is a resident of the same household as the named insured."

All parties are agreed that the only issue for determination is whether the son and his wife were "residents of the same household as the named insured." Appellant, Cotton States, argues for a literal

interpretation of "residence" and "household" whereas, appellee, the son, seeks a broader interpretation based on financial support as well as physical location. *Held:*

Code Ann. § 56-407.1 defines the term insured as meaning ". . . the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise." Thus the provisions of the uninsured motorist clause involved as well as the statutory requirements speak in terms of "resident" and "household." These terms, within the meaning of insurance coverage, have received considerable attention in Court of Appeals opinions. It is significant to note that in each of the earlier cases treating these terms, the person seeking recovery was physically residing in the insured's home or curtilage. See *State Farm Mut. Auto. Ins. Co. v. Snyder,* 122 Ga. App. 584 (178 SE2d 215); *Keene v. State Farm Mut. Auto. Ins. Co.,* 114 Ga. App. 625, 626 (2) (152 SE2d 577); *Teems v. State Farm Mut. Auto. Ins. Co.,* 113 Ga. App. 53 (147 SE2d 20); *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (145 SE2d 104); *Morris v. State Farm Mut. Auto. Ins. Co.,* 88 Ga. App. 844 (78 SE2d 354).

In the *Varnadoe* case, supra, this court said (p. 369): ". . . and while as between single adults constituting a 'household' (e.g. adult children living with their parents) mere intent to no longer continue as a member of such 'household' coupled with some action to remove themselves from such household may be sufficient to end their membership in such household."

In the *Keene* case, supra, it was stated: "Black's Law Dictionary defines a household as a 'family living together' and family as 'a collective body of persons who live in one house or within the same curtilage and under one head or management.' " See also: *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (52 SE 898).

In *Snyder,* supra (p. 585), this court in discussing this question of "resident in the same household" stated: "The drafters of the clause had some actuarial purpose in mind. Their choice of words was not casual. The clause does not apply, for example, to a relative, however close, living elsewhere, nor to a resident of the same household who is not 'a member of the family' (a term not only including a

blood relative but also one who enjoys all the prerogatives of family life)," and further, at page 586: "The critical distinction when a relative of the insured is injured should therefore be whether separate domestic establishments are maintained."

While financial support, or independence therefrom, is an important factor in determining whether a resident of a household has established a separate household under a different head or management (*State Farm Mut. Auto. Ins. Co. v. Snyder,* 122 Ga. App. 584, supra; *Teems v. State Farm Mut. Auto Ins. Co.,* 113 Ga. App. 53, supra), there is nothing in the enunciated principles that lends support to appellee's position that financial support for living in a different home extends the father's curtilage to that second home. The son candidly admitted he considered himself as "being on his own"; that he was the "head of his own household"; and that his father was the head of a different household. The son's home was a mile and a half from his father's home. These facts clearly established the son had the intent no longer to continue as a member of (his father's) household and he had taken the requisite action to remove (himself) from such household sufficient to end (his) membership in such household. See *Varnadoe v. State Farm Mut. Auto Ins. Co.,* supra.

There being no factual issue to resolve in determining that on October 10, 1973, the son was not a resident in the insured's household as required by the uninsured motorist clause, it follows the trial judge should have granted appellant Cotton States' motion for summary judgment.

*Judgment reversed with direction to enter judgment in favor of appellant. Bell, C. J., and Webb, J., concur.*

Argued May 5, 1975 — Decided September 3, 1975.

*Spivey, Carlton, Clark & Merrill, Robert S. Reeves, Milton A. Carlton,* for appellant.

*Thompson, Broadfoot & Tribble, William L. Tribble,* for appellee.