## 54634. DAVENPORT v. AETNA CASUALTY & SURETY COMPANY OF ILLINOIS.

SMITH, Judge.
Since the evidence did not conclusively establish that appellant was not covered under an insurance policy issued by appellee, the trial court erred in granting appellee's motion for summary judgment; therefore, we reverse.

On November 5, 1974, in Atlanta, the motorcycle on which Davenport, the appellant, was riding collided with an automobile. Appellant, fifteen years old at the time of the accident, suffered extensive injuries. The driver of the motorcycle, who was killed in the accident, was apparently uninsured. Appellant brought this suit against the driver of the automobile and against the estate of the deceased motorcycle driver, his mother, and his father. After being served pursuant to the provisions of the Uninsured Motorist Act (Ga. L. 1963, p. 588 et seq.), appellee intervened claiming that appellant was not an "insured" under her stepfather's policy, which provided: "Under the Uninsured Motorist Coverage, the following

are Insured (a) the named Insured and any relative . . . '[R]elative' means a person related to the named Insured who is a resident of the same household." The court granted summary judgment to appellee, holding that as a matter of law the appellant was not insured under the policy.

The evidence showed that appellant's natural mother and father had been divorced; that her mother had remarried; and that appellant lived in Chicago with her mother and stepfather, in whose name the insurance policy was issued. For a period of two weeks in August 1974, appellant visited her natural father's residence in Atlanta. At the termination of that two-week visit, she returned home to Chicago. Appellant testified that on about October 12, 1974, she returned to Atlanta to her father's residence "to take care of [her] little brothers," who lived with her father. Appellant's mother testified as follows about the nature of appellant's second trip to Atlanta: "She [appellant] said she wanted to go spend some time with her father. I said, 'If this is what you really want to do, it is okay, but you are free to come home any time you want to' and her dad agreed to this." The mother further testified that appellant had gone to Atlanta "to take care of the boys." The evidence showed that, at the time of the accident, appellant had been enrolled in an Atlanta high school for about three weeks. Appellant spent "a bit more than a month" in an Atlanta hospital and, after discharge, stayed at her father's Atlanta home until April 4, 1975, when she returned to Chicago. Appellant has lived in Chicago with her stepfather and mother since that date.

Appellee's motion for summary judgment, alleging that appellant was, as a matter of law, not a resident of her stepfather's household and that therefore she was not an insured, was erroneously sustained. In determining whether appellant was residing with her stepfather, " '[a] common roof is not the controlling element.' [Cit.] It is rather a conclusion based on the aggregate details of the living arrangements of the parties." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 122 Ga. App. 584, 586 (178 SE2d 215) (1970). In the case before us, appellee did not carry its summary judgment burden to prove conclusively that,

based upon the aggregate details of the living arrangements of her family, appellant did not reside with her insured stepfather.

Neither appellee nor appellant disputes that, before her October trip to Atlanta, appellant's residence was with her mother and stepfather in Chicago. Appellee points to certain portions of appellant's testimony as conclusive that, in October, she intended to change her residence from Chicago to Atlanta. Appellee ignores, however, that appellant was a minor and could not change legal residence of her own volition. Code § 79-407. Furthermore, contrary to the appellee's contention, appellant's mode of instituting suit, "by and through her father, next friend and natural guardian," did not constitute an admission that her legal residence was in Atlanta.

Considering the aggregate of the family's circumstances and the fact that the testimony was equivocal as to whether the arrangement was that appellant remain in Atlanta permanently or only temporarily, we cannot say appellee conclusively proved that appellant's trip to Atlanta manifested a change of legal residence. Therefore, it remains for the jury to decide whether, at the time of the accident, appellant was residing with her mother and stepfather so as to come within the coverage of the insurance policy.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED JANUARY 5, 1978.

*Sidney Haskins,* for appellant.

*Norris Broome, Carter, Ansley, Smith & McLendon, Tommy T. Holland, Robert A. Barnaby, II, H. G. McBrayer, Jr.,* for appellee.