## A93A0902. MARTIN et al. v. COTTON STATES MUTUAL INSURANCE COMPANY.
### (435 SE2d 258)

SMITH, Judge.

Roger Dale Martin and his wife sued their landlords, Harold and Evelyn Hight, to recover damages for injuries sustained when Roger Martin fell on the back steps of his rented residence. When the Hights were served with the summons and complaint, they notified Cotton States Mutual Insurance Company, which had issued their standard homeowners' insurance policy. Cotton States filed an answer to the Martins' suit on behalf of the Hights under a reservation of rights, and then filed this declaratory judgment action to determine whether coverage existed. The trial court granted the insurer's motion for summary judgment, and this appeal followed.

The record reveals that the policy had been in effect since 1984, when the Hights had occupied the property. It is undisputed that since 1986, however, the property has been rented to others, including the current tenants, the Martins. The renewal policies were mailed directly to the lender and the Hights received premium notices at a post office box.

The standard homeowners' policy in issue provides in pertinent part that coverage under the Personal Liability and Medical Payments to Others portions of the policy will not be provided for "bodily injury or property damage . . . arising out of . . . the rental or holding for rental of any part of any premises by an insured. This exclusion does not apply to . . . the rental or holding for rental of an insured location: (a) on an occasional basis if used only as a residence; (b) in part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders. . . ."

Both the Martins and the Hights contend the trial court erred in finding that no coverage existed because this provision is capable of being construed in more than one way and, therefore, must be construed against the insurer. See generally *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 334-335 (1) (380 SE2d 686) (1989). However, insurance is a matter of contract, and contract law rules and interpretations apply. *Rothell v. Continental Cas. Co.*, 198 Ga. App. 545 (402 SE2d 283) (1991). Words in insurance policy provisions, as in all contracts, are to be construed in their ordinary meaning, *Macon-Bibb County Hosp. Auth. v. Continental Ins. Co.*, 196 Ga. App. 399, 401 (396 SE2d 50) (1990), and despite the appellants' ingenious attempts at demonstrating the susceptibility of the provision in question to more than one interpretation, the language used in the provision in issue is clear.

When language is clear, unambiguous, and capable of only one

reasonable interpretation, no construction is necessary or even permissible. *Stern's Gallery &c. v. Corporate Property &c.*, 176 Ga. App. 586, 593 (337 SE2d 29) (1985). "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties. [Cit.]" *Burnette v. Ga. Life &c. Ins. Co.*, 190 Ga. App. 485 (1) (379 SE2d 188) (1989). The policy clearly excludes coverage when the insured location is rented to others, unless it is rented only on an occasional basis for use as a residence, or unless only *part* of the premises is rented to no more than two roomers or boarders. Neither of these exceptions to the exclusion apply here. Continuous rental since 1986 cannot be deemed "occasional," and the entire residence was rented. Consequently, no coverage existed for Martin's injuries, and the trial court properly granted summary judgment to the insurer.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED AUGUST 13, 1993.

*L. Cleveland Burton, Gary Hamilton, Hollingsworth, Richardson & Meeks, W. Gene Richardson*, for appellants.

*Kinney, Kemp, Pickell, Sponcler & Joiner, L. Hugh Kemp, Joy H. Sawyer*, for appellee.