A95A0319. RAINEY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(458 SE2d 411)

JOHNSON, Judge.

Marilyn Reynolds had three car insurance policies with State Farm Mutual Automobile Insurance Company. The policies included uninsured motorist coverage. Her father, William Rainey, lived with Reynolds intermittently. When Rainey was injured in a car accident,

he filed suit against the other driver and had State Farm served as an uninsured motorist carrier claiming entitlement to coverage as a relative living with the named insured. State Farm moved for summary judgment, arguing that on the date of the accident, Rainey was not living with Reynolds. The trial court agreed and granted State Farm's motion for summary judgment.

Rainey contends that State Farm failed to prove conclusively that he did not reside with the named insured and that the issue therefore should have been submitted to a jury. Because the record does conclusively establish that Rainey maintained a separate household and was not living with Reynolds when the accident occurred, we affirm the judgment of the trial court.

The insurance policies in question provide uninsured motor vehicle coverage to relatives of the named insured. The policies define a relative as "a person related to [the named insured] by blood, marriage or adoption who lives with [the named insured]." Unfortunately, the policies do not define the phrase "lives with," and our research has uncovered no cases in which we have had to interpret the meaning of that particular phrase. Apparently, however, both parties equate the phrase with "resides with," "is a member of the household," or "is a resident of the household" and cite cases interpreting these phrases. We agree that these phrases are sufficiently similar to "lives with" to provide guidance in this case.

In determining whether a relative is a resident of the insured's household for uninsured motorist coverage purposes, the aggregate details of the family's living arrangements must be considered. *Davenport v. Aetna Cas. &c. Co. of Ill.*, 144 Ga. App. 474, 475 (241 SE2d 593) (1978). Of critical importance to such an analysis is whether the family members have established and maintained separate households under different managements. See *Cotton States Mut. Ins. Co. v. McEachern*, 135 Ga. App. 628, 631 (218 SE2d 645) (1975); *State Farm &c. Ins. Co. v. Snyder*, 122 Ga. App. 584, 586 (178 SE2d 215) (1970). A household relationship may end if one of the relatives has demonstrated an intent to remove himself from the household and has taken some action toward doing so. *Keene v. State Farm &c. Ins. Co.*, 114 Ga. App. 625, 626 (2) (152 SE2d 577) (1966).

The record in this case reveals the following: In his deposition, Rainey states unequivocally that on May 16, 1993, the date of the accident, he lived in an apartment in Tifton. His daughter lived in Albany at the time. Rainey deposed further that he lived with Reynolds in her Albany home *before* November 1991 and *after* October 1993. On the day of the accident, by his own admission, he was driving from his Tifton apartment to his job in Albany. Rainey's income tax return dated February 11, 1993, shows him as having a Tifton address and lists Reynolds, with an Albany address, as his closest rel-

ative *not* living with him. Rainey's cancelled rent checks reveal that he maintained his Tifton apartment from December 1992 through May 1993. Rainey states in his affidavit that from January 1993 to June 1993, he maintained an apartment in Tifton but contributed toward rent and bills on Reynolds' Albany home, where he slept in a bedroom set aside for his use an average of three nights each week. He also took showers when he stayed there and left some of his personal effects at Reynolds' home. In her affidavit, Reynolds makes the same statements adding that Rainey had a key to and ate meals in her home. Even construing the evidence in Rainey's favor as the non-movant, there is no question that he and Reynolds maintained separate households and did not live together at the time of the accident. He admitted on deposition that he was living in Tifton and not Reynolds' Albany home on the date in question. This admission is corroborated by other evidence, such as the tax return and cancelled checks. Nowhere in the record is there evidence which directly contradicts the admission. Rainey makes no statement in either his affidavit or deposition that he was living with Reynolds when the collision occurred. Rainey simply states he had a bedroom, shared rent, and spent several nights per week in the Albany home. He never says he lived there. The affidavit submitted by Reynolds also stops short of contradicting Rainey's admission that he lived in his own apartment. While Reynolds says she considered Rainey to be a member of her household at the time, she never actually says he lived with her. In fact, Reynolds' statement that Rainey "had a key to the house *where my son and I lived*" supports State Farm's claim that Rainey did not live there.

Moreover, Rainey demonstrated an intent to remove himself from Reynolds' household when he moved out of her home and into his own apartment in 1991, which residence he continued to maintain through the date of the accident. It is clear from the evidence that Rainey and Reynolds maintained separate residences and were heads of their own households when the accident occurred.

Rainey relies on *Robertson v. Lumbermen's Mut. Cas. Co.*, 160 Ga. App. 52 (286 SE2d 305) (1981) (overruled on other grounds in *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767) (1987)), to support his position that his maintaining living accommodations in Reynolds' home renders him a resident of her household. In that case, the court defined the phrase "one residing in the same household" as meaning "one who physically maintains permanent or frequently utilized living accommodations in the principal insured's home." *Robertson,* supra at 53 (1). It is clear from our review of the cases, however, that physically maintaining living accommodations in the insured's home is one, but not the sole, consideration. If maintaining living accommodations in an insured's home is in and of itself

sufficient to establish where someone lives, there would be no need to consider issues such as whether separate households have been established and maintained, whether family members intend to discontinue membership in the household, and whether they have taken steps to remove themselves from the household. See *Grange*, supra at 275; *Varnadoe v. State Farm &c. Ins. Co.*, 112 Ga. App. 366, 368 (145 SE2d 104) (1965). More than mere physical presence and transient visitation is required to make a person a resident of a household. *Sanders v. Ga. Farm &c. Ins. Co.*, 182 Ga. App. 279, 280 (1) (355 SE2d 705) (1987). As stated above, the court must consider the aggregate details of the family's living arrangements, not any one factor. See *Davenport*, supra. Because State Farm conclusively established that Rainey did not live with his daughter at the time of the accident, the trial court did not err in granting the insurer's motion for summary judgment. See generally *Martin v. Cotton States Mut. Ins. Co.*, 210 Ga. App. 32 (435 SE2d 258) (1993).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 19, 1995.

*Beauchamp & Associates, Robert M. Beauchamp, Alexander R. Nemajovsky*, for appellant.

*Sims, Fleming & Spurlin, John S. Sims, Jr., John C. Spurlin*, for appellee.