A02A2094. STATE FARM FIRE & CASUALTY COMPANY
v. GOODMAN et al.
(576 SE2d 49)

BARNES, Judge.

State Farm Fire & Casualty Company appeals the trial court's order denying its motion for summary judgment. The appeal concerns interpretation of the terms and exclusionary provisions of a "manufactured home insurance" policy issued by State Farm.

Randy Goodman, as administrator of the estate of Gabrielle Goodman, and Randy Goodman and Patricia Goodman, individually, filed a wrongful death suit against defendant Sherry A. Goodman for the drowning death of their daughter, Gabrielle Goodman. Randy Goodman is Sherry Goodman's brother.

After Randy and Patricia Goodman filed suit, Sherry Goodman claimed coverage under her policy with State Farm. Thereafter, State Farm filed a declaratory judgment action seeking a determination of the scope of its obligations under the policy. State Farm then filed a motion for summary judgment asserting that, under the terms of its policy, Sherry Goodman is not covered for the liability and medical expense claims arising from Gabrielle Goodman's death.

After the trial court denied the motion, State Farm filed an application for interlocutory appeal, which was granted. On appeal, State Farm contends the trial court erred by denying its motion for summary judgment because either (a) Gabrielle Goodman was a resi-

dent relative of Sherry Goodman's household at the time of her death, or (b) Gabrielle's death was excluded from coverage under the policy because at the time of her death the insured premises were being rented to her family as their full-time residence, and the policy contained a rental exclusion.

The policy defines "insured" as "you and, if residents of your household[,] your relatives," and excludes liability and medical coverage for bodily injury to an insured. The policy also excludes liability and medical coverage for "bodily injury or property damage arising out of . . . the rental or holding for rental of any part of any premises by an insured," but further provides that "[t]his exclusion does not apply . . . to the rental or holding for rental of a residence of yours . . . on an occasional basis for the exclusive use as a residence." Finally, the policy states that "[medical payments coverage] does not apply to bodily injury: . . . to a person other than a residence employee of an insured, regularly residing on any part of the insured location."

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Further, any doubts on the existence of a genuine issue of material fact are resolved against the movant for summary judgment. *Kelly v. Vargo*, 261 Ga. 422, 423 (1) (405 SE2d 36) (1991). When this court reviews the grant or denial of a motion for summary judgment, it conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). On motions for summary judgment, the court cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981).

2. Insurance policies are construed in favor of the insured and against the insurance company. *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 334-335 (1) (380 SE2d 686) (1989). "Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms, [cit.]," *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996), and, when the words in an insurance policy are plain and obvious, they must be given their literal meaning. *U. S. Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Further, insurance contracts are interpreted by ordinary rules of contract construction and exclusions are to be strictly construed. *Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327-328 (2) (498 SE2d 492) (1998). Also,

an insurance policy is simply a contract, which should be construed as any other type of contract. "The construction of an unambiguous contract is a question of law for the court." *Mut. Life Ins. Co. of New York v. Davis*, 79 Ga. App. 336, 339 (53 SE2d 571) (1949).

3. Giving all the Goodmans the benefit of all reasonable doubts and construing the evidence, all inferences, and conclusions therefrom in their favor as the parties opposing the motion for summary judgment, the record shows that in 1996 Sherry Goodman purchased real property on Club Road and moved a double-wide mobile home onto the property to use as her residence. The mobile home was about 40 feet from an unfenced pond on the property. About a year later, she purchased from State Farm the "manufactured home insurance" policy at issue in this case.

About three years later, Randy and Patricia Goodman temporarily rented the mobile home for them and their five children under an oral month-to-month agreement on a trial basis to determine whether they wanted to buy it. Randy and Patricia paid rent to Sherry Goodman.[1] Under this agreement, if Randy and Patricia subsequently decided to buy the premises, any money they had paid as rent would be applied to the purchase price. At the time Randy and Patricia Goodman also owned their own home.

When she moved out of the mobile home, Sherry Goodman moved to her mother's home, and she was residing there on the date of Gabrielle's drowning. She did, however, spend some nights with Randy and Patricia's family. Sherry Goodman considers the Club Road mobile home her permanent residence. No evidence in the record shows that Sherry Goodman ever rented the mobile home to anyone earlier.

Less than a month after her family rented the mobile home, seven-year-old Gabrielle Goodman walked to the pond. The bank of the pond collapsed, and she fell into the pond and drowned.

State Farm relies on two contentions: (a) Sherry Goodman was the resident insured living in the mobile home at the time of Gabrielle Goodman's death and Randy and Patricia Goodman and their family were also residents in the mobile home, and members of Sherry Goodman's "household." Therefore, liability and medical coverage for the drowning death of Gabrielle was excluded from the policy by the exclusion of an "insured person," defined as a resident relative of the same household; (b) conversely, State Farm contends that if Sherry Goodman was no longer a resident in the mobile home because she rented it to Randy and Patricia Goodman, the policy pro-

---

[1] They continued to rent the property until March 2001.

vided no coverage because it was a residential policy and not a rental or landlord policy.

The Goodmans contend they were not residents of the same household, and that Randy and Patricia Goodman rented the mobile home on an "occasional basis" because they were renting it on a "trial basis." Further, Sherry Goodman contends that whether the rental was done on an "occasional basis" presents an issue of fact for jury resolution.

(a) As the policy does not define the term "household," we must give the word its common definition. Thus, a "household" is a "domestic establishment including the members of a family and others who live under the same roof." American Heritage Dictionary (2nd college ed. 1985). In *Keene v. State Farm &c. Ins. Co.*, 114 Ga. App. 625, 626 (2) (152 SE2d 577) (1966), this court adopted the definition of a "household" as " 'a family living together' " and "family" as " 'a collective body of persons who live in one house or within the same curtilage and under one head or management.' "

For the resident relative exclusion to apply, Randy and Patricia would both have to be residents in the house with Sherry Goodman as part of her household, i.e., under her management. Sherry Goodman contends that the exclusion does not apply because Randy and Patricia were not members of her household, as she had physically moved from the property and was not living with Randy and Patricia as part of a collective family body under one head or management at the time of Gabrielle's death. In support of this contention, the Goodmans rely on *Keene v. State Farm &c. Ins. Co.*, supra, 114 Ga. App. at 626, for the proposition that mere physical presence in a residence is not the sole controlling factor in determining if relatives are members of the same household.

> In determining whether a relative is a resident of the insured's household for uninsured motorist coverage purposes, the aggregate details of the family's living arrangements must be considered. *Davenport v. Aetna Cas. &c. Co. of Ill.*, 144 Ga. App. 474, 475 (241 SE2d 593) (1978). Of critical importance to such an analysis is whether the family members have established and maintained separate households under different managements. See *Cotton States Mut. Ins. Co. v. McEachern*, 135 Ga. App. 628, 631 (218 SE2d 645) (1975); *State Farm &c. Ins. Co. v. Snyder*, 122 Ga. App. 584, 586 (178 SE2d 215) (1970). A household relationship may end if one of the relatives has demonstrated an intent to remove himself from the household and has taken some

action toward doing so. *Keene v. State Farm &c. Ins. Co.*, [supra, 114 Ga. App. at 626].

*Rainey v. State Farm &c. Ins. Co.*, 217 Ga. App. 618, 619 (458 SE2d 411) (1995). See also *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767) (1987).

Here, the evidence shows that Sherry Goodman moved most of her and her daughter's belongings to her mother's home a few days after Randy and Patricia Goodman moved into the mobile home, but she still had certain of her mail delivered to Club Road and still paid and continues to pay taxes on the premises. She also left some of her furniture and items that she and her daughter did not immediately need in the mobile home. Sherry Goodman also kept the electric bill, satellite television bill, and phone bill in her name for about six months after Randy and Patricia moved into the mobile home.

Additionally, the record shows that Sherry Goodman stayed some nights with her brother's family between the time they moved in the mobile home and the day Gabrielle died. She was going back and forth to pick up items, but she primarily slept at her mother's. The night before Gabrielle's death she stayed at her mother's.

In her deposition, Sherry Goodman testified that on the date of Gabrielle's death, she considered the Club Road property her permanent home. She considered Club Road to be her house and home after she moved in with her mother and still she feels that way as of the date of her deposition. Later she had an apartment in town.

Because the evidence shows that at the time of Gabrielle's death Sherry Goodman was living elsewhere but maintaining a close connection with the premises by keeping certain clothing, furniture, and other items there, getting mail there, returning to the premises frequently, staying overnight there, and paying for the electric and other bills related to the property, a question of fact exits on whether the Goodmans were all members of the same household residing at the insured residence. Therefore, a question of material fact exists on whether the resident relative exclusion applies.

We do not find significant that Randy and Patricia Goodman continued to occupy the Club Road property for many months after their daughter's death. Sherry Goodman's rights under this insurance policy were fixed on the date of Gabrielle's death, and the fact that Randy and Patricia Goodman may have remained in the mobile home longer than originally contemplated does not alter that result.

(b) For the rental exclusion to apply, the evidence must show that Sherry Goodman rented her residence to her brother and his family on something other than an occasional basis. We find the second part of this exclusion inapplicable because it concerns renting part of the premises to more than two roomers or boarders.

As with the resident relative exclusion, we find that questions of fact exist on whether the rental exclusion applies and whether the rental was on an occasional[2] basis. The facts of this case differ from those in *Martin v. Cotton States Mut. Ins. Co.*, 210 Ga. App. 32, 33 (435 SE2d 258) (1993), on which State Farm relies. In *Martin*, the premises had been rented to others and had been rented continuously for several years. In this case, no evidence exists that the mobile home had been rented before, and the evidence shows that the Goodmans contemplated only a trial lease for Randy and Patricia to decide whether they wanted to buy the mobile home.

Accordingly, we find that the trial court did not err by denying State Farm's motion for summary judgment.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 24, 2002.

*Joseph H. Barrow*, for appellant.

*Callaway, Braun, Riddle & Hughes, Edward M. Hughes, Cheek, Haeussler & Thompson, Timothy J. Haeussler, Ronald K. Thompson, John R. Dickey*, for appellees.

---

[2] The primary definition of the word "occasional" is: "occurring from time to time." American Heritage Dictionary (2nd college ed. 1985).