## A05A1989. BURDICK et al. v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.
### (626 SE2d 587)

MILLER, Judge.

Loring Burdick was driving his daughter Melissa's uninsured car when he was involved in an accident. After the other driver sued, Government Employees Insurance Company (GEICO) brought this declaratory action to determine its responsibilities as Burdick's insurer. The trial court granted GEICO summary judgment on the ground that since Melissa's car was not covered by her father's policy, GEICO could not be liable. We find, however, that because a question of fact remains as to whether Melissa was a "resident" in her father's house at the time of the accident for purposes of her father's auto insurance policy, and that if she was not a resident, GEICO could be subject to liability under the policy, we must reverse.

The record reveals that in June 2001, Melissa and her daughter moved into a house rented and occupied by her parents. The two lived in the downstairs portion of the house accessed by its own key and containing its own bathroom, refrigerator, and microwave. Melissa paid rent to her parents and was exclusively responsible for the care of her child, including daycare expenses. Melissa also paid for the household's cable television as well as a cell phone plan that she shared with her father. The house had a single exterior main entrance and a single mailbox, and the family often ate together.

Shortly after moving in, Melissa stopped paying premiums on the Nationwide insurance policy covering her 2000 Chevrolet Cavalier. The Cavalier was never listed as a covered auto on her father's GEICO policy. By her own account, Melissa "affirmatively misrepresented" to her parents that she still had coverage even after she had stopped paying the premiums. On a few occasions, and believing that the car was properly insured, Mr. Burdick borrowed his daughter's car with her permission.

On June 24, 2003, Mr. Burdick again borrowed Melissa's car with her permission and was involved in an accident. After the driver of the other car sought compensation for her injuries, GEICO brought this declaratory action against the Burdicks. GEICO later moved for summary judgment, which was granted. Mr. Burdick now appeals.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

1. The Burdicks first argue that a genuine issue of fact remains as to whether Melissa was a "resident" of her parents' household. They contend that if such an issue remains, then Melissa may not be

a "relative" for purposes of the policy's "non-owned auto" coverage, and GEICO could be liable for losses arising from her car's use by her father. We agree that an issue of fact remains on this issue.

The GEICO policy at issue includes the following relevant definitions:

> 5. "Non-owned auto" means *an automobile . . . not owned by or furnished for the regular use of either you or a relative.*
> . . .
> 8. "Relative" means *a person related to you who resides in your household.*

(Emphasis supplied.) The policy extends coverage as follows:

> [W]e will pay damages which an insured becomes legally obligated to pay because of:
> (1) bodily injury, sustained by a person, and
> (2) damage to or destruction of property, arising out of the ownership, maintenance or use of *the owned auto or a non-owned auto.*

(Emphasis supplied.)

Questions of domicile and residence are mixed questions of law and fact and are ordinarily for a jury to determine. *Baldwin v. State Farm Fire &c. Co.*, 264 Ga. App. 229, 230 (1) (590 SE2d 206) (2003). To determine whether a relative is a resident of an insured's household,

> the aggregate details of the family's living arrangements must be considered. Of critical importance to such an analysis is whether the family members have established and maintained separate households under different managements.

(Citations omitted.) *State Farm Fire &c. Co. v. Goodman*, 259 Ga. App. 62, 65 (3) (a) (576 SE2d 49) (2002).

Here, Melissa paid rent to her parents, assumed responsibility for some of the house's bills, and was entirely responsible for her own child, including her daycare expenses. This evidence is sufficient to create a question of fact as to whether Melissa and her child "resided" in Melissa's parents' house or had their own separate household "under different management." See *State Farm Fire &c. Co.*, supra, 259 Ga. App. at 66 (3) (a) (affirming denial of summary judgment when question of fact remained as to whether daughter was "resident relative"); *Boston v. Allstate Ins. Co.*, 218 Ga. App. 726, 728-729 (463 SE2d 155) (1995) (reversing grant of summary judgment when

question of fact remained as to whether son was "resident relative"). Since it is unclear whether Melissa resided in her parents' home such that she could be considered a "relative" under the plain language of the policy, it cannot be said that the car driven by Mr. Burdick was not a "non-owned auto" subject to coverage under the policy at the time of the accident. Thus the trial court erred in granting summary judgment to GEICO on this ground.

2. In light of our holding in Division 1, we need not address the Burdicks' remaining enumerations of error.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 26, 2006.

*Kristopher Shepherd,* for appellants.
*Cruser & Mitchell, Joseph R. Cruser, Jennifer M. Tipping, Marc M. Aragon,* for appellee.