**SECOND DIVISION**
**GOBEIL, J.,**
**PIPKIN and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 14, 2025**

# In the Court of Appeals of Georgia

A24A1224. ALLRED v. PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY.

DAVIS, Judge.

After a vehicle struck Stephanie Allred, she sought to recover damages under her parents' automobile insurance policy. The insurance company moved for summary judgment, arguing the policy excluded Allred. In response, Allred directed the trial court to several facts she believed justified coverage. The trial court disagreed and sided with the insurance company. Allred now appeals. Given our precedents holding that questions of domicile and residence ordinarily fall within the province of the jury, we reverse. No doubt, the evidence crucial to deciding the parties' dispute — a family's living arrangements and whether certain family members intend to remain as a household or establish separate ones, and when a household relationship

ends — is the kind of evidence (the who, what, when, and why type) that generally is not susceptible to summary adjudication.

## I.

In the late hours of December 15, 2019, a vehicle struck and injured Allred as she crossed an intersection in Atlanta, Georgia. Two years later, she sued the driver of the vehicle, and served Progressive Co. Mutual Ins. Company ("Progressive") under Georgia's uninsured motorist ("UM") statute.[1] Progressive answered and asserted various defenses, including that Allred did not satisfy preconditions necessary for UM benefits. Afterward, the parties engaged in discovery which revealed that Allred:

(i) attended graduate school at Georgia State University, and was unmarried, single, and with no kids at the time of the collision;

(ii) rented - as opposed to owned - her apartment in Georgia;

(iii) worked as an hourly employee "on and off" at Urban Outfitters in Georgia;

---

[1] See OCGA § 33-7-11 (b).

(iv)   visited her parents' Ohio home two or three times[2] over a span of 18 months;

(v)    drove a vehicle insured under a different policy with the premiums paid by her father; and

(vi)   maintained a room in her parents' Ohio residence.

The parties also discovered that Allred moved in with her parents immediately after the December 2019 collision.

In June 2023, Progressive moved for summary judgment. At the time of the accident, Progressive provided an automobile liability policy to Bruce Allred, Allred's father. Bruce Allred listed his wife as a "driver" and "resident relative" on the policy but not Allred. Since Bruce Allred did not list Allred on the policy, Progressive claimed she was not entitled to UM coverage. Specifically, it argued Allred did not qualify as an insured person because Allred was not her father's "relative" as defined by Progressive.

---

[2] The parties hotly contest what to make of the number of visits. At summary judgment, however, this Court (like the trial court) may not weigh the evidence or reconcile the issues. See *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 614 (865 SE2d 231) (2021) ("[A]t the summary-judgment stage, the appellate court does not resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility, as those matters must be submitted to a jury for resolution.") (citation and punctuation omitted).

Allred saw things differently. Although she largely agreed with Progressive's factual presentation, Allred countered that she met the definition of "relative" under the insurance policy. To Allred, her permanent residence was (and has always been) with her parents whereas she intended to reside in Georgia temporarily. Consequently, the argument went, she was a resident of her parents' household, albeit temporarily away, at the time of the collision.

To support her position, Allred pointed to numerous facts: (1) she was enrolled in graduate school at the time of the collision ; (2) her father listed her as an "assigned driver" on a State Farm policy ; (3) she received financial support from her parents ; (4) she had a dedicated room in her parents' Ohio residence[3] ; and (5) she moved in with her parents immediately after the accident.[4] According to Allred, these facts demonstrate that she qualified as a "relative." Therefore, Allred asserts that she was entitled to UM benefits under Progressive's liability policy.

---

[3] In September 2019, three months or so before the collision, Allred's parents moved to Texas.

[4] At the time of her deposition in October 2022, Allred still lived with her parents in Texas.

After a hearing, the trial court granted Progressive's summary judgment motion. Ultimately, it determined that the household relationship between Allred and her parents ended in 2009 and, as a result, Allred did not satisfy the definition of "relative" in 2019. "The 'aggregate details' of Plaintiff Allred's living arrangements[,]" the trial court wrote, "show [Allred] had established her own residence in Georgia separate from her parents." Therefore, the trial court goes on to say, "[w]ithout any evidence showing she was a resident relative of her parents at the time of the incident, Plaintiff is not entitled to receive UM benefits, and Progressive is entitled to judgment as a matter of law.

## II.

We conduct a de novo review of a trial court's grant of summary judgment, construe the evidence in light favorable to Allred, and give her "the benefit of all reasonable doubt."[5]

## III.

---

[5] *State Farm Fire & Cas. Co. v. Goodman*, 259 Ga. App. 62, 63 (1) (576 SE2d 49) (2002).

At the outset, we note that the record contains affidavits and presuit audio recordings, among other evidence. Yet — even though a "court is obliged to take account of the entire setting of the case on a Rule 56 motion[]"[6] — the trial court cites only Allred's deposition testimony (and no other forms of evidence). So, we similarly resolve the question of summary judgment by limiting our analysis to Allred's deposition.[7]

Everyone agrees that Allred is not a named insured on her parents' Progressive liability policy. All agree on the policy's language and that Progressive insures resident relative children. Everyone also agrees on the applicable definition of "relative" in this case:

> a person residing in the same household as you, and related to you by blood, marriage, or adoption, and includes a ward, stepchild, or foster child. *Your unmarried dependent children temporarily away from home will qualify as a relative if they intend to continue to reside in your household.* (emphasis supplied.)

---

[6] (Citation omitted.) *Glisson v. Morton*, 203 Ga. App. 77, 78 (2) (416 SE2d 134) (1992).

[7] See *Johnson v. LT Energy, LLC*, 368 Ga. App. 439, 440 (1) (890 SE2d 320) (2023).

The dispute then is whether Allred qualifies as a "relative" under her parents' Progressive liability policy.

> To determine whether Allred was a resident for purposes of insurance coverage, the aggregate details of the family's living arrangements must be considered. Of critical importance to such an analysis is whether the family members have established and maintained separate households under different managements.[8]

There are several other factors[9] that fall within the "aggregate details" umbrella, including:

- Whether the person maintains living accommodations in the insured's home;[10]
- The person's degree of independence from the insured's family;[11]

---

[8] *Burdick v. Geico*, 277 Ga. App. 391, 392 (1) (626 SE2d 587) (2006).

[9] See *Rainey v. State Farm Mut. Auto Ins. Co.*, 217 Ga. App. 618, 621 (458 SE2d 411) (1995) ("[T]he court must consider the aggregate details of the family's living arrangements, *not any one factor*.") (emphasis supplied).

[10] Id. at 620.

[11] See *State Farm Mut. Auto. Ins. Co. v. Snyder*, 122 Ga. App. 584, 585 (178 SE2d 215) (1970) (physical precedent only).

- The interconnectedness of the family members;[12] and

- The financial entanglements between the person and insured.[13]

And importantly, "residing at another place a part of the time [does not] negate[] a relative being a resident of the household of an insured. . . ."[14] A person may after all "have several residences, but only one place of domicile."[15] Still, whether Allred was a resident of her parents' household involves mixed questions of law and fact, which are ordinarily for a jury to resolve.[16]

Here, Allred pointed to evidence creating a genuine issue of fact regarding her residence at the time of the collision. The record evidence, for example, shows that Allred maintained a room in her parents' Ohio residence and received financial support from them. From these facts alone, a jury could conclude that Allred was a

---

[12] See *Geiger v. Ga. Farm Bureau Mut. Ins. Co.*, 305 Ga. App. 399, 403 (1) (c) (699 SE2d 571) (2010).

[13] See id.; see also *Goodman*, 259 Ga. App. at 66 (considering the payment of electric bills and phone bills as part of the aggregate details analysis).

[14] *Travelers Ins. Co. v. Mixon*, 118 Ga. App. 31, 33 (162 SE2d 830) (1968).

[15] (Citation omitted.) *Baldwin v. State Farm Fire & Cas. Co.*, 264 Ga. App. 229, 230 (1) (590 SE2d 206) (2003).

[16] See *Parsons v. State Farm Mut. Auto. Ins. Co.*, 319 Ga. App. 616, 619 (737 SE2d 718) (2013).

"relative" who intended to continue residing in her parents' household.

Likewise, the jury could infer from Allred's attributes — unmarried, college-aged student with no children, renting (rather than owning) her apartment — that she intended her stay in Georgia to be temporary. At bottom, these details, including Allred's move to her parents' home immediately after the accident , all create fact issues regarding Allred's place of domicile and residence.[17]

One reason, of course, the trial court concluded otherwise is because it read *Cotton States Mut. Ins. Co. v. McEachern*[18] to suggest evidence of financial support is immaterial to the over all question of residency. But *McEachern* very plainly states, "financial support is an important factor in determining whether a resident of a household has established a separate household under a different head or

---

[17] See *Goodman*, 259 Ga. App. at 66 (1) (a) (finding a question of fact on whether the resident relative exclusion applied).

[18] 135 Ga. App. 628 (218 SE2d 645) (1975). *McEachern*, a declaratory action, involves a dispute where this Court determined a father's son was no longer a resident of the father's household because the wedded son was financially independent, for the most part, from the father and saw "himself to be the head of his own household[.]" 135 Ga. App. at 629. The son in *McEachern* and the daughter in this case (Allred) share very different living arrangements, characteristics, and attributes.

management. . . ."[19] True, the sentence goes on to read, "there is nothing in the enunciated principles that lends support to appellee's position that financial support for living in a different home extends the father's curtilage to that second home."[20] But the fact still remains: financial support is baked into the "aggregate details" analysis. Putting aside evidence of financial support, there is still other evidence from which a jury could conclude that Allred was a resident of her parents' household at the time of the collision.

## IV.

Fact-laden cases concerning questions of residence and domicile are generally not appropriate for summary judgment. While there may be outlier cases, this is not one. The record evidence is sufficient to raise a genuine issue of material fact. Accordingly, the trial court erred by granting summary judgment in favor of Progressive.

*Judgment reversed. Gobeil and Pipkin, JJ., concur.*

---

[19] *McEachern*, 135 Ga. App. at 631.

[20] Id.