## A91A0602. UNITED SERVICES AUTOMOBILE ASSOCIATION v. LUCAS et al.

### (408 SE2d 171)

COOPER, Judge.

Plaintiffs, David and Denise Lucas, filed a lawsuit against R'Keitha Kelsey ("Kelsey"), alleging that their two-year-old daughter suffered injuries as a result of ingesting a toxic substance while in the care of Kelsey. Kelsey, who at the time of the alleged occurrence was at her home taking care of the child, filed a third-party complaint against appellant, United Services Automobile Association ("USAA"), her homeowner's insurer. USAA denied coverage and filed a motion for summary judgment on the grounds that under the policy, liability was excluded for bodily injury arising out of a business pursuit of the insured. Plaintiffs and Kelsey, appellees herein, opposed USAA's motion. The trial court, relying on our decision in *Nationwide &c. Ins. Co. v. Collins*, 136 Ga. App. 671 (222 SE2d 828) (1975), denied USAA's motion and found that Kelsey's babysitting did not fall within the "business pursuits" exception of her homeowner's policy and that USAA had a duty to defend Kelsey in the lawsuit brought by the Lucases. We granted USAA's interlocutory appeal to determine whether the trial court correctly applied the facts of this case to the exclusion in the policy.

1. USAA contends in its first and fourth enumerations of error that the trial court erred in denying its motion for summary judgment based on the "business pursuits" exclusion in the policy. The record reflects that Kelsey regularly took care of children in her home; that Kelsey had been a licensed day care operator since 1984; that at the time of the alleged occurrence, Kelsey was taking care of her daughter's four children and the Lucases' three children in her home; that Kelsey was paid $25 per week by her daughter for her children and $75 per week by the Lucases for their children; that Kelsey reported to the IRS all income received from babysitting and deducted all expenses associated therewith; and that during 1986 she had a net income of $400 from babysitting. Kelsey's homeowner's policy contained the following exclusion: "Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to bodily injury . . . (b.) (1) arising out of or in connection with a business engaged in by an insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business." The only definition of business in the policy provides that " 'business' includes trade, profession or occupation."

In *Nationwide*, the facts involved a child who burned her hand on a floor heater while she was being cared for at the home of her

babysitter. The babysitter was paid $5 per day for taking care of the injured child and her brother, had not offered her services as a baby-sitter or nursery to any other children, and was not licensed as a day care provider. We considered the effect of a homeowner's policy with an exclusion for business pursuits, but which provided for an exception to the exclusion for "such acts as are ordinarily incident to non-business pursuits." We stated in that case: "We are unwilling to hold that babysitting for pinmoney is a commercial business. Assuming arguendo, however, that by keeping and feeding her neighbor's two children for $5 per day Mrs. Collins was in fact engaged in a business within the exclusionary clause of the homeowner's policy, such exclusion applies to 'activities in connection with a business *except such acts as are ordinarily incident to non-business pursuits.*' Certainly the maintenance of heat for her home for herself and her own children, as was done here by a floor furnace, was an activity ordinarily incident to a non-business pursuit." (Emphasis in original; indention omitted.) *Nationwide*, supra at 674. Kelsey's homeowner policy does not contain an exception for "acts as are ordinarily incident to non-business pursuits"; therefore, the holding in *Nationwide* is not applicable to the extent that it was based on different policy provisions. We must determine whether under the facts of this case, the "business pursuits" exclusion precludes coverage.

Appellant cites in its brief several recent decisions from other jurisdictions which have found as a matter of law that child care provided for profit on a regular basis was a business. See, e.g., *Stanley v. American Fire &c. Co.*, 361 S2d 1030 (1978); *Haley v. Allstate Ins. Co.*, 529 A2d 394 (1987); *Moncivais v. Farm Bureau Mut. Ins. Co.*, 430 NW2d 438 (1988); *United States Fidelity &c. Co. v. Heltsley*, 733 FSupp. 1418 (1990). However, other jurisdictions have recognized as Georgia does that babysitting for pinmoney is not a business particularly when one is not always compensated and does not actively solicit business. See *State Farm &c. Co. v. Moore*, 430 NE2d 641 (1981); *Crane v. State Farm &c. Co.*, 485 P2d 1129 (1971). We acknowledge the growing incidence of child care which is provided in the homes of the caretaker, and that in some situations caretaking activities can be considered "business pursuits" within the meaning of the exclusion. However, " ' "[e]xceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." (Cit.) In brief, although the cardinal rule of construction is to ascertain the intention of the parties, if the language is susceptible to two different constructions the one most favorable to the insured will be adopted. (Cit.)' [Cit.]" *Zurich American Ins. Co. v. Bruce*, 193 Ga. App. 804, 807 (2) (388 SE2d 923)

(1989). The policy at issue has no definition of business other than to state that it includes "trade, profession, or occupation." We are unable to conclude that the facts of this case come within the exclusion in Kelsey's policy. While there is some evidence that Kelsey treated her services as a business by reporting income and deducting expenses and had been licensed as a day care provider, there is also evidence that she cared for no more than seven children during calendar year 1988, four of whom were her own grandchildren, and that she offered her services as both a favor and a convenience to parents who lived in the neighborhood. "On motions for summary judgment, all questions as to issues of fact are to be resolved in favor of the respondent, and the benefit of every doubt is indulged in his favor. [Cit.]" *Horton v. United States &c. Co.*, 194 Ga. App. 881 (392 SE2d 25) (1990). USAA failed to show that the facts of the case came within the exclusion contained in its policy, and the trial court did not err in denying its motion.

2. In its second and third enumerations of error, USAA contends that the trial court erred in finding that USAA had a duty to defend Kelsey in the lawsuit brought by the Lucases. The policy provided: "If a . . . suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will . . . provide a defense at our expense . . . even if the suit is groundless, false, or fraudulent." Because of our holding in Division 1, we find no error in the trial court's determination that USAA had a duty to defend Kelsey.

*Judgment affirmed. Pope, J., concurs. Birdsong, P. J., concurs in judgment only.*

DECIDED JULY 9, 1991.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Robert A. Burnett,* for appellant.

*Fleming, Blanchard & Bonner, G. Larry Bonner, Richard A. Ingram, Jr., William M. Wheeler,* for appellees.