A99A0122. FURGERSON et al. v. CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY.
(516 SE2d 350)

Judge Harold R. Banke.

Cambridge Mutual Fire Insurance Company ("Cambridge") filed a declaratory judgment action to ascertain whether it was obligated to defend or to provide coverage to Jodi Dover or Larry Dover under the terms of the Dovers' homeowners' policy. The trial court found in favor of Cambridge.

In subsection 1.b.(1) of Section II — EXCLUSIONS, the Dovers' policy excluded from coverage for personal liability or medical payments to others, bodily injury

> arising out of or in connection with a *business* engaged in by an *insured*. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the *business*.

The business exclusion was contained in a four-page section entitled SUPPLEMENTAL PROVISIONS which deleted and replaced a previous version of exclusion subsection 1.b "in all Forms and Endorsement HO-73."[1]

Endorsement HO-322 in the Dovers' policy provided,

> [i]f an *insured* regularly provides home day care services to a person or persons other than *insureds* and receives monetary or other compensation for such services, that enterprise is a *business*. Mutual exchange of home day care services,

---

[1] The deleted version of subsection 1.b excluded business pursuits from personal liability coverage but contained the following exception: "[t]his exclusion does not apply to (1) activities which are usual to non-business pursuits."

however, is not considered compensation. The rendering of home day care services by an *insured* to a relative of an insured is not considered a business. Therefore, with respect to a home day care enterprise which is considered to be a *business*, this policy: 1. does not provide Section II — Liability Coverages because *business* pursuits of an *insured* is [sic] excluded under exclusion 1.b.(1) of Section II — Exclusions.

The coverage question arose from an incident occurring in the Dovers' home on October 9, 1996 while Jodi Dover, the insured, was babysitting Blake Furgerson. It is undisputed that after Tina Furgerson discovered Dover's services through a newspaper advertisement, she and Dover reached an agreement whereby Dover would be paid to care for Blake from about 7:30 a.m. to 5:30 p.m., Monday through Friday. From July 22, 1996 until the incident on October 9, Wendell and Tina Furgerson paid $65 per week to Jodi Dover for her in-home babysitting services of their infant son, Blake. Dover provided this daycare to Blake on a regular basis in her home as a means of earning additional income for her family. Other than her own children, Blake was the only child that Dover cared for. It is undisputed that Blake is not related to the Dovers and that there was no mutual exchange of services. Dover was not a licensed daycare provider within the meaning of OCGA § 49-5-3 (8).

After Blake Furgerson suffered a serious head injury purportedly caused by being violently shaken while in Jodi Dover's care in the Dovers' home, Cambridge sought judicial interpretation of the terms of the policy.[2] Based on the undisputed factual evidence and the explicit terms of the policy, the trial court granted summary judgment to Cambridge finding no coverage for Blake Furgerson's injury which occurred while Jodi Dover was operating a business as defined by endorsement HO-322. Enumerating two errors, Wendell Furgerson, Tina Furgerson, and Blake Furgerson appeal. *Held*:

1. The Furgersons contend that the trial court erroneously construed the evidence against coverage rather than in favor of coverage by ruling as a matter of law that Jodi Dover's babysitting for Blake constituted a "business."

Where an insurer seeks to invoke an exclusion contained in its policy, it has the burden of showing both the existence of the exclusion and its applicability. *Darby v. Interstate &c. Ins. Co.*, 107 Ga.

---

[2] Jodi Dover was indicted for one count of child cruelty "for vigorously shaking said child." During her deposition, Jodi Dover repeatedly invoked the Fifth Amendment, steadfastly refusing to respond to questions about how Blake's injuries occurred. Tina Furgerson testified that Dover telephoned her at work saying, "Blake's been crying all morning and now I can't wake him up. Do you want me to call 911?" Doctors told the Furgersons that Blake's brain damage had been caused by being shaken.

App. 409 (1) (130 SE2d 360) (1963). Exceptions and exclusions to coverage must be construed strictly in favor of the insured and against the insurer. *Sovereign Camp Woodmen &c. v. Heflin*, 188 Ga. 234, 235 (2) (3 SE2d 559) (1939).

Notwithstanding these rules of insurance contract construction, however, where the policy language is clear, explicit, and unambiguous, as here, its interpretation is a matter for the court. *Marsh v. Chrysler Ins. Co.*, 169 Ga. App. 639, 640 (1) (314 SE2d 475) (1984); OCGA § 13-2-1. Policy terms cannot be ignored or rewritten to provide coverage where there is none. *Pacific Indem. Co. v. N. A., Inc.*, 120 Ga. App. 793, 794 (1) (172 SE2d 192) (1969). Instead, "[w]here the meaning [in an insurance contract] is plain and obvious, it should be treated as literally provided therein." *Genone v. Citizens Ins. Co.*, 207 Ga. 83, 86 (1) (60 SE2d 125) (1950).

Here, the insurance contract defined "business" to mean providing regular, in-home, daycare services for as few as a single person unrelated to the insureds, and for which monetary compensation was received. As of the date of the incident, Jodi Dover had been providing regular, daycare services, for ten consecutive weeks, in her home, to a non-relative, Blake Furgerson, and had been receiving monetary compensation for those services. These facts fit squarely within the unambiguous exclusion. Consequently, Cambridge was entitled to judgment as a matter of law. *Pacific Indem.*, 120 Ga. App. at 796 (2).

Notwithstanding the Furgersons' claim to the contrary, *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671 (222 SE2d 828) (1975) neither demands nor authorizes a different result. In *Collins*, unlike here, the homeowners' policy contained this illustration: "LIABILITY FEATURE PROTECTS you against claims arising from accidents to others involving: [c]hildren under 21 in your care." *Collins*, 136 Ga. App. at 676. Moreover, given the explicit language here, the Furgersons' "babysitting for pinmoney" argument has no application to this case. Compare *Collins*, 136 Ga. App. at 674. Similarly, the Furgersons' reliance on *United Svcs. Auto. Assn. v. Lucas*, 200 Ga. App. 383, 385 (1) (408 SE2d 171) (1991) (physical precedent only) is misplaced. In *Lucas*, unlike here, the insurance policy's sole definition of "business" was "trade, profession or occupation." Id.

2. The Furgersons assert that the trial court erred by ruling that the "usual to non-business pursuits" exception to the business exclusion did not apply.

But, in this case, there is no question regarding whether the "usual to non-business" activity exception applied since that provision had been deleted from the policy by the "Supplemental Provisions." Instead, this policy expressly foreclosed coverage for personal injuries "arising out of or in connection with a *business* engaged in by an *insured*," including but not limited to any "act or omission, regard-

less of its nature or circumstance. . . ." Engaging in a business was specifically defined to include regular daycare services of the type Jodi Dover provided.

Under our law, " '[c]ourts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than they would have to increase the amount of coverage.' [Cit.]" *Jefferson Pilot Life Ins. Co. v. Clarke*, 202 Ga. App. 385, 388 (2) (414 SE2d 521) (1991). Blake Furgerson sustained bodily injury in connection with a business conducted in the home of the insured, Jodi Dover. No evidence or testimony suggested otherwise. Therefore, summary judgment was proper. *Bates v. Guaranty Nat. Ins. Co.*, 223 Ga. App. 11, 15 (2) (476 SE2d 797) (1996).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 13, 1999.

*Alembick, Fine & Callner, Mark E. Bergeson*, for appellants.

*Strickland & Strickland, Charles D. Strickland, Steven A. Hathorn*, for appellee.