906 So.2d 1242 (2005)
FIRST PROTECTIVE INSURANCE COMPANY, Appellant,
v.
Hisako FEATHERSTON and Donald Thornhill and Catherine R. Thornhill, individually and as Personal Representatives of the Estate of Hannah Elizabeth Thornhill, Appellees.
Nos. 2D04-678, 2D04-2811, 2D04-3692.
District Court of Appeal of Florida, Second District.
July 27, 2005.
Caryn L. Bellus of Kubicki Draper, Miami, for Appellant.
Raymond T. Elligett, Jr., and Amy S. Farrior of Schropp, Buell & Elligett, P.A., Tampa, for Appellee Hisako Featherston.
*1243 Lee D. Gunn and Mary E. Kestenbaum, Tampa, for Appellees Donald E. Thornhill and Catherine R. Thornhill.
Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Amicus Curiae The Property Casualty Insurers Association of America.
STRINGER, Judge.
This is a consolidated appeal of three separate cases. In case number 2D04-678, First Protective Insurance Company seeks review of the summary final judgment determining that a homeowner's insurance policy issued to Hisako Featherston's husband provided coverage for Donald and Catherine Thornhill's claim against Featherston for the wrongful death of their daughter Hannah. We conclude that the trial court erred in determining that there was coverage because coverage is excluded as a matter of law by the business exclusion as clarified by the home day care endorsement of the policy. Accordingly, we reverse and remand for entry of summary judgment in favor of First Protective.
In case number 2D04-2811, First Protective seeks review of the final judgment awarding Featherston attorney's fees as a prevailing party pursuant to section 627.428, Florida Statutes (1999). In case number 2D04-3692, First Protective seeks review of the final judgment awarding the Thornhills costs as a prevailing party. Because we reverse the summary judgment in favor of both Featherston and the Thornhills, the awards of prevailing party attorney's fees and costs must be reversed as well.
On August 18, 1999, fourteen-month-old Hannah Thornhill stopped breathing while being cared for by Featherston in Featherston's home. Thereafter, the Thornhills filed a personal injury lawsuit against Featherston. Subsequent to filing suit, Hannah died, and the lawsuit was amended to assert a claim for wrongful death. Featherston's husband has a homeowner's insurance policy with First Protective, and First Protective is providing Featherston with a defense against the Thornhills' claim pursuant to a reservation of rights. However, First Protective filed this declaratory action against Featherston and the Thornhills (together "Defendants") seeking a judgment that it has no obligation to provide coverage for the lawsuit under Featherston's policy because the policy excludes coverage for bodily injury arising out of or in connection with a home day care business engaged in by an insured.
The policy that was effective during the incident provides personal liability coverage for claims against an insured for damages due to bodily injury. This coverage, which is Coverage E in Section II-Liability Coverages of the policy, provides for a defense against suit and payment up to the liability limit for damages for which the insured is legally liable. The policy contains a business exclusion in subsection 1.b. of Section II-Exclusions, which excludes coverage for bodily injury "[a]rising out of or in connection with a `business' engaged in by an `insured.'" The policy also contains a standard form home day care endorsement which provides, in pertinent part:
If an "insured" regularly provides home day care services to a person or persons other than "insureds" and receives monetary or other compensation for such services, that enterprise is a "business." Mutual exchange of home day care services, however, is not considered compensation. The rendering of home day care services by an "insured" to a relative of an "insured" is not considered a "business."
Therefore, with respect to a home day care enterprise which is considered to be a "business," this policy:

*1244 1. Does not provide Section II-Liability Coverages because a "business" of an "insured" is excluded under exclusion 1.b. of Section II-Exclusions....
The endorsement contains the following sentence at the bottom of the endorsement: "This endorsement does not constitute a reduction of coverage."
After some initial discovery, Defendants moved for summary judgment. Defendants argued that the home day care endorsement is ambiguous because it eliminates coverage for bodily injury that would otherwise be covered under the policy in direct conflict with its assertion that "[t]his endorsement does not constitute a reduction of coverage." Defendants further argued that First Protective conceded that the business exclusion of the policy is inapplicable. First Protective filed its own motion for summary judgment, arguing that coverage is clearly and unambiguously excluded under the policy. First Protective argued that the policy excludes coverage for a business and that the home day care endorsement does not reduce coverage, but rather clarifies that certain home day care services are included in the policy's definition of a business. Moreover, First Protective asserted that it did not concede that the business exclusion of the policy was inapplicable.
The trial court granted Defendants a partial summary judgment, ruling that First Protective's home day care endorsement is ambiguous and cannot be relied upon to deny coverage. However, the court permitted discovery to continue prior to ruling on the issue of whether the business exclusion in the policy is applicable. The trial court subsequently determined that First Protective could not rely on the business exclusion because it had conceded that the exclusion did not apply. Accordingly, the trial court denied First Protective's motion for summary judgment and entered summary final judgment in Defendants' favor.
First Protective argues that the trial court erred in (1) finding that the home day care endorsement is ambiguous and unenforceable, (2) refusing to apply the business exclusion, and (3) finding that First Protective conceded that the business exclusion did not apply. In case number 2D04-2811 and case number 2D04-3692, First Protective asserts that it will be entitled to reversal if this court reverses the final summary judgment in case number 2D04-678.
We agree that First Protective did not concede that the business exclusion was inapplicable, at least in conjunction with the home day care endorsement. First Protective has consistently argued that coverage is excluded because Featherston was engaging in a home day care business. We conclude that the home day care endorsement is not ambiguous and that coverage is excluded as a matter of law under the policy's business exclusion as clarified by the home day care endorsement. Accordingly, the trial court erred in granting Defendants' motion for summary judgment and in denying First Protective's motion for summary judgment.
Appellate courts review summary judgment orders de novo with all facts and inferences to be resolved in favor of the party opposing the summary judgment. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130-31 (Fla.2000). Moreover, the construction of an insurance policy to identify the scope of coverage is a question of law subject to de novo review on appeal. Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla.1985).
Section 627.419(1), Florida Statutes (1999), provides that "[e]very insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, *1245 extended, or modified by any application therefor or any rider or endorsement thereto." While ambiguities and conflicts in exclusionary clauses should be construed in favor of the insured, "`[o]nly when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction is the rule apposite.'" Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003) (quoting Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla.1979)).
The trial court refused to apply the home day care endorsement based on its determination that the endorsement is ambiguous because it contains the following sentence at the bottom of the endorsement: "This endorsement does not constitute a reduction of coverage." However, when considered in conjunction with the entire language of the endorsement, there is no genuine ambiguity.
The endorsement provides that there is no Section II-Liability Coverage for a home day care enterprise which is considered to be a business. The endorsement refers back to the business exclusion under Section II, which already states that coverage is excluded for bodily injury arising out of or in connection with a business engaged in by an insured. Because the policy already contains the referred to exclusions and limitations, the endorsement does not constitute a reduction of coverage, but merely a clarification of same. Accordingly, the sentence at the bottom of the endorsement, "This endorsement does not constitute a reduction of coverage," does not conflict with the remainder of the endorsement, and the trial court erred in refusing to apply it in the instant case.
Applying the business exclusion as clarified by the home day care endorsement, personal injury coverage is excluded if the bodily injury arises out of or in connection with a home day care enterprise which is considered to be a "business." Our interpretation of these provisions is consistent with that of numerous courts from other jurisdictions regarding substantially similar provisions. See Preferred Risk Mut. Ins. Co. v. Springer, No. 3:96CV41-B-A, 1996 WL 672116, at *1-2 (N.D.Miss.1996) (unpublished opinion); United States Fid. & Guar. Co. v. Heltsley, 733 F.Supp. 1418, 1421 (D.Kan.1990); Granite State Ins. Co. v. Paladino, No. CV89 0099629, 1992 WL 83549, at *2-3 (Conn.Super.Ct.1992) (unpublished opinion); Furgerson v. Cambridge Mut. Fire Ins. Co., 237 Ga.App. 637, 516 S.E.2d 350, 351-52 (1999); Commerce Ins. Co. v. Finnell, 41 Mass.App.Ct. 701, 673 N.E.2d 71, 72 (1996); Md. Cas. Co. v. Hayes, 827 S.W.2d 275, 278 (Mo.Ct.App.1992). Thus, coverage is excluded if Hannah's injuries arose out of or in connection with the regular provision of home day care services for monetary or other compensation as long as Hannah is not an insured or a relative and the compensation was not the mutual exchange of home day care services.
It is undisputed that Featherston provided daily care to Hannah from approximately 8 a.m. until 5 p.m. Monday to Friday starting in late 1998 and continuing until August 19, 1999, in exchange for $50 per week. It is also undisputed that Hannah was neither an insured nor a relative of Featherston. The activity alleged as the basis for the wrongful death claim is the negligent supervision of Hannah in the course of the daily care of Hannah in August 1999. These undisputed facts fit squarely within the business exclusion as clarified by the home day care endorsement.
Defendants argue that there is a genuine issue of material fact regarding whether Featherston was providing home day care services "for monetary or other compensation." Defendants point to testimony that Featherston was being paid $50 weekly *1246 for reimbursement for her expenses and that she did not make a profit. "Compensation" is defined as "[i]ndemnification; payment of damages; making amends; making whole; giving an equivalent or substitute of equal value.... Remuneration for services rendered, whether in salary, fees, or commissions." Black's Law Dictionary 283 (6th ed. 1990). Thus, even payment as reimbursement for expenses in a home day care constitutes compensation for purposes of the home day care endorsement. See Springer, 1996 WL 672116 at *2 (rejecting insured's argument that payment of $65 per week to purchase meals and snacks for the children did not constitute "compensation" under the standard home day care endorsement).
Accordingly, First Protective was entitled to judgment as a matter of law, and we reverse and remand in case number 2D04-678 with directions for the trial court to enter judgment in First Protective's favor. We also reverse the awards of attorney's fees to Featherston in case number 2D04-2811 and costs to the Thornhills in case number 2D04-3692, which are based on their status as the prevailing parties below.
Reversed and remanded with directions.
SILBERMAN and KELLY, JJ., concur.