[No. 56054-9-I.   Division One.   April 3, 2006.]

STATE FARM FIRE AND CASUALTY COMPANY, *Respondent*, v. JOHN J. PIAZZA, SR., ET AL., *Appellants*.

*Joel E. Wright* and *Marc Rosenberg* (of *Lee Smart Cook Martin & Patterson, P.S., Inc.*), for appellants John J. Piazza, Sr. and Dorothy A. Piazza.

*Craig E. Commock* (of *Skagit Law Group, P.L.L.C.*), for appellant Marie A. Piazza.

*Michael Simpson Rogers* and *Pamela A. Okano* (of *Reed McClure*), for respondent.

¶1 BAKER, J. — Marie A. Piazza and her parents bought a home in 1995, which Piazza occupied for two years. In 1998, she left to attend school in Scotland. Her mother's property management company rented out the house to two different tenants over 26 months. In 2000, Piazza's tenants sued her, claiming personal injuries caused by mold in the house. A provision in Piazza's homeowners policy from State Farm Fire and Casualty Company excluded coverage if the house was held for rental but had an exception to the exclusion for rentals "on an occasional basis." In this declaratory judgment action, State Farm argued it had no duty to defend and won on summary judgment. The trial court concluded that the rental was not occasional. Although the policy term "occasional" was ambiguous, we affirm the trial court because, on these facts, the rental was not occasional.

I

¶2 Piazza and her parents bought a house in 1995. They bought homeowners insurance from State Farm. Piazza lived in the house for two years, then moved to Scotland to attend school in 1998. Before she left for Scotland, Piazza and her parents entered into an agreement to rent out the house via Piazza Realty, the parents' property management company. The house was rented to one family for six months, then to the Moore family, who lived in the house from January of 1999 until May of 2000. After her graduation and subsequent marriage, Piazza decided to stay in Scotland and sell the house.

¶3 In December 2000, the Moores sued, claiming illness caused by mold in Piazza's house. Piazza tendered to State Farm, but State Farm filed for declaratory judgment because the policy did not cover injuries that resulted from

renting the property. Piazza argued that an exception to the exclusion applied because the rental was "on an occasional basis," and the parties cross-moved for summary judgment. The court granted summary judgment for State Farm and simultaneously denied Piazza's motion. Piazza appeals.

## II

¶4 Piazza claims that she has raised a genuine issue of material fact regarding whether the rental was "on an occasional basis." She first contends that the phrase "on an occasional basis" is ambiguous and that this ambiguity must be construed in her favor. State Farm argues that "occasional" means "on a now and then basis" or "irregularly or infrequently" and that there is no other reasonable interpretation of "occasional."

¶5 The insurance policy does not include a definition for the phrase "on an occasional basis," so we look to standard English dictionaries for the term's "plain, ordinary and popular meaning."[1] The parties offer two competing dictionary definitions, which Piazza argues in itself establishes that the phrase is ambiguous. They are: (1) "of or relating to a particular occasion" or (2) "met with, appearing, or occurring irregularly and according to no fixed or certain scheme; INFREQUENT." Piazza claims that rental of the property "arose from the occasion" of her temporary absence to attend school in Scotland. State Farm contends that the nature of the rental was regular and continuous for two years, rather than irregular.

¶6 In our view, the definition relied on by State Farm is clearly the ordinary, popularly understood meaning of the phrase in question. The meaning relied on by Piazza, "arising from the occasion," would potentially apply to rental terms of many years, thus effectively negating the rental exclusion of the policy.

---

[1] *Queen City Farms, Inc. v. Cent. Nat'l Ins. Co.*, 126 Wn.2d 50, 77, 882 P.2d 703, 891 P.2d 718 (1994).

¶7 This case involves a homeowners policy. An "occasional" rental should be interpreted consistent with the purposes of a homeowners insurance policy, as opposed to a landlords insurance policy. That means that the circumstances of the rental must not negate the assumption that the homeowner is still the primary resident of the house, despite his or her temporary absence.

¶8 The facts of this case do not constitute an "occasional" rental. No bright-line rule of rental duration need be drawn in this case, because we conclude, as a matter of law, that a continuous rental arrangement of over 26 months cannot be called "occasional" under any definition of the term. The long term rental arrangements and total absence of the homeowner for over two years all are typical of a landlord/tenant relationship, not rental on an occasional basis. The trial court properly ruled for State Farm on summary judgment.

Attorney Fees

¶9 Piazza argues that they are entitled to attorney fees and costs, both at summary judgment and on appeal, under RAP 14.2, 18.1, and *Olympic Steamship Co. v. Centennial Insurance Co.*[2] Because they are not the prevailing party, their argument fails.

¶10 Affirmed.

SCHINDLER, A.C.J., and AGID, J., concur.

Review denied at 158 Wn.2d 1022 (2006).

---

[2] 117 Wn.2d 37, 811 P.2d 673 (1991).