## A11A2277. STATE FARM FIRE AND CASUALTY COMPANY
## v. BAUMAN et al.

### (723 SE2d 1)

ANDREWS, Judge.

Steve and Alisa Bauman's seven-year-old child suffered serious injuries in a bicycle accident while Lori Van de Veire was providing paid child care for the child at Van de Veire's home. Van de Veire was an insured under a homeowner's insurance policy issued to her husband by State Farm Fire and Casualty Company. On behalf of their child, the Baumans sued Van de Veire for negligent child care. State Farm initially provided a defense under a reservation of rights, but then withdrew the defense and informed Van de Veire that the policy excluded coverage for injuries to the child which occurred while she was providing child care services. Pursuant to an agreement between Van de Veire and the Baumans, Van de Veire withdrew her defense to the suit, promised to assign her rights under the homeowner's policy in the event the Baumans obtained a judgment against her, and the Baumans promised that any judgment they obtained would never be collected against Van de Veire. After the Baumans obtained a judgment in the suit against Van de Veire in the amount of $300,000 for injuries suffered by the child, the Baumans brought a direct action on behalf of the child against State Farm alleging that Van de Veire's homeowner's policy provided coverage for the injuries and seeking payment of the unsatisfied judgment from the policy proceeds. In defense of the action, State Farm moved for summary judgment on the basis of the policy's child care services exclusion. The trial court denied summary judgment, certified its judgment for immediate review, and we granted State Farm's application for an interlocutory appeal. For the following reasons, we find that State Farm's policy excluded coverage for the child's injuries and reverse.

The general rule is that, where an injured party obtains an unsatisfied judgment against a party who has insurance covering the injuries — so that the judgment fixes the liability of the insured party to the injured party — the injured party may bring an action directly against the insurer to satisfy the judgment from the available insurance proceeds. *Smith v. Government Employees Ins. Co.*, 179 Ga. App. 654, 655 (347 SE2d 245) (1986); *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494 (371 SE2d 401) (1988); *Integon Indem. Corp. v. Henry Med. Center*, 235 Ga. App. 97, 98 (508 SE2d 476) (1998).[1] Despite its denial of coverage and refusal to

---

[1] The rationale for the rule is that an unsatisfied judgment fixing the insured's liability to the injured party is necessary to establish privity of contract between the injured party and

defend the Baumans' suit against Van de Veire, State Farm retained the right to raise the defense that the Baumans' claim in the direct action was not covered by the policy. *Owners Ins. Co. v. Smith Mechanical Contractors*, 285 Ga. 807, 810 (683 SE2d 599) (2009); *Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674, 676 (605 SE2d 27) (2004).

In their suit against Van de Veire, the Baumans alleged that their seven-year-old child was injured on September 19, 2007, as a result of negligent child care provided by Van de Veire when, against their instructions, she allowed the child to ride a bicycle and the child was injured in a bicycle accident. The accident occurred while the child was under Van de Veire's care at her home for which the Baumans paid Van de Veire $65 per week for providing after-school child care for the child from about 2:45 p.m. until about 6:00 p.m. on most school days Monday thru Friday. Van de Veire, who was a neighbor of the Baumans, also cared for her own school-aged child during this time. This child care schedule continued weekly Monday thru Friday from the Spring of 2007 until the end of December 2007, well after the September 2007 injury, with the exception of summer vacation from school, school holidays, days when the Baumans' child was sick, and occasional days when Van de Veire or the Baumans had other child-related appointments. Van de Veire testified that the norm was that she would keep the Baumans' child after school at her house four days of each five-day school week. According to Mr. Bauman, Van de Veire typically provided Monday thru Friday after-school child care for his child from 2:45 p.m. to 6:00 p.m. "most of the time."

Van de Veire's policy excluded liability and medical payments coverage for

 i. any claim made or suit brought against any insured by:
  (1) any person who is in the care of any insured because of child care services provided by or at the direction of:
   (a) any insured;
   (b) any employee of any insured; or
   (c) any other person actually or apparently acting on behalf of any insured; or

---

the insurer. *Integon Indem.*, 235 Ga. App. at 98. The issue was not raised as to whether the judgment in this case satisfied the privity requirement by fixing the liability of the insured to the injured party where the Baumans obtained the judgment pursuant to an agreement that the judgment can never be collected against Van de Veire.

(2) any person who makes a claim because of bodily injury to any person who is in the care of any insured because of child care services provided by or at the direction of:

    (a) any insured;

    (b) any employee of any insured; or

    (c) any other person actually or apparently acting on behalf of any insured.

This exclusion does not apply to the occasional child care services provided by any insured, or to the part-time child care services provided by any insured who is under 19 years of age.

State Farm moved for summary judgment on the basis that the policy exclusion excluded coverage for injuries to the Baumans' child which occurred while its insured, Van de Veire, was providing weekly "child care services" for the child, and because the above-stated exceptions to the "child care services" exclusion do not apply. State Farm contends that: (1) because Van de Veire was over 19 years of age, the exception for "part-time child care services provided by any insured who is under 19 years of age" does not apply; and (2) because Van de Veire provided more than occasional child care services for the child, the exception for "the occasional child care services provided by any insured" does not apply. It is undisputed that Van de Veire was over 19 years of age when she provided the child care at issue and that the exception for part-time child care services by an insured under the age of 19 does not apply. Although the trial court concluded that Van de Veire was providing "child care services" to the Baumans' child, the court denied summary judgment because it found that the term "occasional" in the policy was ambiguous and that a jury question was presented as to whether or not Van de Veire provided occasional child care services under the exception to the exclusion.

The ordinary rules of contract construction apply to determine the intent of the parties to an insurance contract. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327 (498 SE2d 492) (1998). However, where an insurance contract contains unambiguous terms excluding coverage, no construction is required, and the plain meaning of the terms must be given full effect without straining to extend coverage where none was contracted or intended. *Jefferson Ins. Co. &c. v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998); *Continental Cas. Co. v. HSI Financial*, 266 Ga. 260, 262 (466 SE2d 4) (1996). Whether or not an insurance contract contains an ambiguity is a question of law for the court. *Infinity Gen. Ins. Co. v.*

*Litton*, 308 Ga. App. 497, 500 (707 SE2d 885) (2011). "[A] word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one . . . [so that it] involves a choice between two or more constructions of the contract." *Western Pacific Mut. Ins. Co. v. Davies*, 267 Ga. App. 675, 680 (601 SE2d 363) (2004) (citation and punctuation omitted). The term "occasional" is not defined in the present insurance policy. Unless otherwise defined in the insurance policy, terms in the policy are given their plain, ordinary, and popular meaning as supplied by dictionary. *Cunningham v. Middle Ga. Mut. Ins. Co.*, 268 Ga. App. 181, 183 (601 SE2d 382) (2004); *Stagl v. Assurance Co. of America*, 245 Ga. App. 8, 10 (539 SE2d 173) (2000). The American Heritage Dictionary (3rd ed.) defines "occasional" as "[o]ccurring from time to time . . . [n]ot habitual; infrequent." Applying this definition, we find no ambiguity in the term "occasional" as used in the policy, and further find on the present facts that Van de Veire was not providing "occasional" child care services. The record shows that typically or most of the time — an average of four days out of every five-day school week — Van de Veire provided paid after-school child care services for the Baumans' child. This was not "occasional" child care which occurred only from time to time or infrequently. Rather, Van de Veire provided paid after-school child care services frequently and habitually on a weekly basis. Because the injuries suffered by the Baumans' child occurred while Van de Veire was providing "child care services" for the child which were not "occasional," the policy excluded coverage for the injuries. The trial court erred by denying State Farm's motion for summary judgment. OCGA § 9-11-56.

*Judgment reversed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 13, 2012 —
RECONSIDERATION DENIED JANUARY 30, 2012.

*Lloyd B. Hedrick, Jr.*, for appellant.
*Mitchell & Shapiro, Richard C. Mitchell*, for appellee.