**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 7, 2016**

# In the Court of Appeals of Georgia

A16A1037. STATE FARM FIRE & CASUALTY COMPANY v. MOSS et al.

A16A1038. CORBIN et al. v. STATE FARM FIRE AND CASUALTY COMPANY.

ELLINGTON, Presiding Judge.

State Farm Fire and Casualty Company filed suit in the Superior Court of Henry County seeking a declaration of its obligations to Virginia Moss under a homeowner's policy of insurance issued to her on her secondary residence, a lake home that Moss had rented to Heather and Christopher Corbin. The Corbins had filed an underlying personal injury suit against Moss in the State Court of Henry County based on injuries that Heather Corbin had allegedly sustained while a tenant at Moss's lake home. Following a hearing on the parties' cross motions for summary judgment, the superior court granted partial summary judgment in favor of Moss and

the Corbins, finding that the lake home was an "insured location." However, it denied the parties' motions on the remaining ground, finding that a factual dispute existed concerning whether the Corbins' tenancy constituted an "occasional rental" that fell outside the coverage exclusion generally applicable to rented premises.

In Case No. A16A1037, State Farm appeals from the grant of partial summary judgment. In Case No. A16A1038, the Corbins cross-appeal, challenging the court's order denying their motion for summary judgment. In both appeals, the parties contend that the superior court erred in denying their motions for summary judgment with respect to the applicability of the "occasional rental" exception to the rental exclusion. For the reasons that follow, we resolve both appeals and reverse the order of the superior court, finding that the undisputed evidence shows that the Corbins' rental was not occasional, and that the policy specifically excludes coverage for the bodily injuries which are the subject of the underlying litigation.

> Summary judgment is appropriate if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party.

2

(Footnote omitted.) *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640 (706 SE2d 652) (2010).

So viewed, the undisputed facts relevant to both appeals are as follows. Virginia Moss owned two homes, a primary residence in McDonough and a lake home in Monticello. Moss purchased the lake home in 2006. In September 2009, Moss purchased two homeowners insurance policies from State Farm, one covering her primary residence and the other, her lake home. Moss informed State Farm that her McDonough home was her primary residence and that the Monticello lake home was her secondary residence.

Moss used her lake home frequently initially, staying there roughly every other weekend during 2006 and 2007. Moss's use of the property declined over the years, and she eventually listed it for sale in 2010. Moss stopped using the lake home in 2011. In 2012, she only visited the property during the day to perform maintenance. She considered her McDonough home her residence, she lived there exclusively, and she received her mail there. While the lake home was on the market, Christopher Corbin approached Moss about renting it. Corbin was considering purchasing a home on the lake. He told Moss that he was interested in leasing her lake home at least through the summer and that he might even buy it.

3

On May 20, 2012, Moss and Christopher Corbin entered into a handwritten, month-to-month lease of the lake home which granted the Corbins exclusive use of the property for $1,100 per month. Although the lease did not contain a termination clause, the parties understood that it could be cancelled at any time. Corbin also agreed to let Moss show the home to prospective buyers. Moss was responsible for utility bills, and Corbin was responsible for keeping the property clean and for paying for any damage that he caused to it.

Just six days after the lease was signed, Heather Corbin sustained bodily injuries allegedly as a result of a fall caused by a hazardous condition on the property. The Corbins vacated the premises shortly thereafter. Moss never stayed the night in the lake home again; rather, she visited it only rarely and for the purpose of performing maintenance. She sold the home in September 2013. The Corbins filed suit against Moss on August 9, 2013.

Moss's homeowner's policy excludes coverage for personal injuries sustained by a tenant renting the insured premises. Section II 1.b. of the policy provides that "Coverage L [liability] and Coverage M [medical payments to others]" do not apply to "bodily injury or property damage arising out of . . . the rental or holding for rental of any part of any premises by any insured." However, the exclusion does not apply

4

"to the rental or holding for rental of a residence of yours . . . on an occasional basis for the exclusive use as a residence[.]" The policy provides no definition of the term "occasional."

It is undisputed that the Corbins rented Moss's lake house. The parties also acknowledge that the word "occasional," as used in the policy, is not ambiguous.[1] Thus, the issue on appeal with respect to this exception to the rental exclusion is

---

[1] This Court must construe an insurance contract using ordinary rules of contract construction. *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. 771, 773 (723 SE2d 1) (2012). "Ambiguities in an insurance contract are construed favorably to the insured and against the insurer, particularly if exemptions or exclusions are at issue." (Citation omitted.) *Am. Nat. Property & Cas. Co. v. Amerieast, Inc.*, 297 Ga. App. 443, 446 (1) (677 SE2d 663) (2009). However, "unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured." (Footnote omitted.) *Grain Dealers Mut. Ins. Co. v. Pat's Rentals*, 269 Ga. 691, 693 (505 SE2d 729) (1998). A word or phrase is ambiguous only if it "may be fairly understood in more ways than one" and thus "involves a choice between two or more constructions of the contract." *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. at 774. In *Bauman* we explained that the "American Heritage Dictionary (3rd ed.) defines 'occasional' as '[o]ccurring from time to time'" and that, applying this definition to the policy language at issue in that case, we found no ambiguity in the word "occasional." Similarly, in *State Farm Fire & Cas. Co. v. Goodman*, 259 Ga. App. 62, 66 (3) (b) (576 SE2d 49) (2002), we concluded that the term "occasional," as applied to the rental of insured residential premises, was not ambiguous, and that "[f]or the rental exclusion to apply, the evidence must show that [the insured] rented her residence to [the tenants] on something other than an occasional basis." Id. Thus, the question before us is not one of contract construction, but of what the evidence shows.

5

whether the superior court erred in concluding that material issues of fact remain concerning whether the rental was "occasional."

Although Georgia's appellate courts have not elaborated on what evidence demonstrates that a rental is occasional as a matter of law, other jurisdictions have set forth factors demonstrating that a property has been rented on an occasional basis, including the following. Occasional rentals are episodic and temporary, not systematic and continuous.[2] The occasional rental is typically short term, often has a special purpose (e.g., a vacation rental), and usually has a definite end point.[3] Most

_____

[2] See, e.g., *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. at 774. ("Occasional" means "[o]ccurring from time to time, . . . [n]ot habitual; infrequent."); *Martin v. Cotton States Mut. Ins. Co.*, 210 Ga. App. 32, 33 (435 SE2d 258) (1993) (Continuously renting the premises to a series of tenants is contrary to the definition of an occasional rental.); *Gardner v. Travelers Property Cas. Co. of Am.*, 2011 U.S. Dist. LEXIS 69848 (N.D.N.Y., June 29, 2011) ("[T]he phrase 'the rental . . . of an insured location . . . on an occasional basis' . . . refers to episodic, non-systematic rentals.'") (citation omitted).

[3] See, e.g., *Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016 (851 NYS2d 742) (2008) ("[The insureds'] one-time rental of their summer home for a five-month period, with no definite plans to continue to rent the home but with the intent to return to use the summer home exclusively themselves, fits comfortably within [the 'occasional rental' exception to the rental exclusion.]"); *Hess v. Liberty Mut. Ins. Co.,* 458 So.2d 71, 72 (Fla. 1984) ("The reasonable, practical and sensible interpretation of the language 'any part of a premises occasionally rented to any insured for other than business purposes' does not refer to the situation where a father co-signs a one year lease for his daughter. Rather it refers to rentals occurring now and then, such as vacation rentals.")

significantly, however, the occasional rental does not negate the assumption that the homeowner intends to continue using the home as a residence, despite his or her temporary absence.[4] As one court has explained, "[t]he purpose behind the 'occasional' rental exception [to the rental exclusion] was to allow the insured to rent his or her residence while living elsewhere temporarily, but with the intention to return there to live." *State Farm Fire & Cas. Co. v. Wonnell*, 178 Ill. App. 3d. 823, 826 (533 NE2d 1131) (1989).

Under Georgia law, an insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case. *Furgerson v. Cambridge Mut. Fire Ins. Co.*, 237 Ga. App. 637, 638 (1) (516 SE2d 350) (1999). State Farm has carried

---

[4] See, e.g., *Gardner v. Travelers Property Cas. Co. of Am.*, 2011 U.S. Dist. LEXIS 69848, *11 (N.D.N.Y., June 29, 2011) ("Plaintiffs' rental of the [premises], on three occasions over a four-year period, which plaintiffs used primarily as their residence when in Bolton Landing, and which they always intended to return to, cannot be said to have been more than 'on an occasional basis.'"); *State Farm Fire & Cas. Co. v Piazza*, 132 Wash. App. 329, 333 (131 P3d 337) (2006) ("An 'occasional' rental should be interpreted consistent with the purposes of a homeowner's insurance policy, as opposed to a landlord's insurance policy. That means that the circumstances of the rental must not negate the assumption that the homeowner is still the primary resident of the house, despite his or her temporary absence."); *Ferguson v. State Farm Fire & Cas. Co.*, 1995 U.S. App. LEXIS 25229 *12, (9th Cir. Sept. 5, 1995) (finding that a three-month tenancy, without interruption, was not "irregular" or "infrequent" and, thus, was not on an "occasional basis," where the owner moved away, was attempting to sell the house, and did not intend to resume living there, and the tenant "only moved out after being given a notice to quit").

that burden here. In this case, the undisputed evidence shows that Moss had listed her lake house for sale in 2010 and that she had stopped using it as a secondary residence prior to renting it to the Corbins in 2012. The Corbins had planned to rent the lake house at least through the summer; however, they had also expressed interest in buying the property. The lease term had no end-point and it could have continued indefinitely. Thus, the evidence does not support an inference that the parties were only contemplating a short-term vacation rental. Most significantly, though, the evidence unequivocally shows that Moss had no intention of returning to the property and using it as a secondary residence or vacation home if and when either she or the Corbins terminated the lease. Rather, she intended to sell the lake home and to continue residing in her McDonough home. In fact, that is exactly what she did. Thus, Moss was no longer treating the lake home as her residence when she leased it to the Corbins. Instead, she treated the lake home as a rental property, a circumstance that exposed the insurer to all the risks inherent in a such a landlord/tenant relationship, risks that it had not agreed to bear. See *State Farm Fire & Cas. Co. v. Wonnell*, 178 Ill. App. 3d. at 825-826. (In affirming a grant of summary judgment to the insurer, the appellate court observed that the lessee's month-to-month rental was not irregular or

infrequent. Moreover, the lessor had no intent to return to the premises while her home was listed for sale.).

The undisputed evidence shows that Moss did not rent her lake home to the Corbins on an occasional basis; therefore, the rental exclusion applies. Because the rental exclusion applies, the policy does not provide Moss with coverage for the Corbins' claims in the underlying personal injury litigation. Consequently, the superior court erred in denying State Farm's motion for summary judgment on this basis as well as granting the Corbins' motion for partial summary judgment. Given our holding, State Farm's remaining claim of error is moot.

*Judgment reversed. Mercier, J., concurs. Branch, J., concurs in the judgment only*.