**FIFTH DIVISION**
**RICKMAN, C. J.,**
**McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 9, 2022**

# In the Court of Appeals of Georgia

A21A1218.    BROTHERHOOD    MUTUAL    INSURANCE COMPANY v. RICHARDSON.

MCFADDEN, Presiding Judge.

This is an appeal from an order denying an insurer's motion for partial summary judgment in a case involving an endorsement to an automobile insurance policy. We agree with the trial court that the language of the endorsement is ambiguous and must be construed against the insurer.

The policy covers a nonprofit corporation. The endorsement reduces the coverage available to a person operating a covered auto, if the loss occurs when the auto is being operated "not in furtherance of" the nonprofit's operations. At issue is the scope of the endorsement. It applies to coverage "with respect to the liability of such person for any 'loss.'"

Here, the person operating the covered auto was injured in a two-party collision. There is no allegation that she was negligent. The other party admitted fault. But that party's liability insurance coverage was insufficient to cover the insured's injuries.

So the question before us is whether the endorsement reduces the insured's underinsured motorist coverage. We hold that it does not. The phrase "the liability of such person for any 'loss'" is ambiguous. So the endorsement cannot be enforced against the insured, and we affirm the trial court's denial of the insurer's motion for partial summary judgment.

1. *Facts and procedural posture.*

A trial court may grant a motion for summary judgment when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c).

> A defendant seeking summary judgment may demonstrate this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. On appeal from a grant of summary judgment, this court

2

conducts a de novo review of the record, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Montgomery v. Travelers Home & Marine Ins. Co*., 360 Ga. App. 587, 588 (1) (859 SE2d 130) (2021) (citations and punctuation omitted).

The relevant facts are largely undisputed. Tammy Richardson was insured under a policy Brotherhood Mutual Insurance Company had sold to Changed 2 Ministries, Inc., Richardson's husband's nonprofit corporation. Richardson was injured in a rear-end collision as she was driving home from Home Depot, where she had purchased flowers to plant at her house. She sued the owner of the other car and the other driver, who admitted fault, and they tendered their insurance policy limits.

Richardson served Brotherhood with the complaint, seeking underinsured motorist ("UM") benefits. Brotherhood did not deny that Richardson was an insured under the policy. But it argued that an endorsement to the policy reduced the amount of UM benefits available to Richardson from $1 million to $25,000.

The endorsement at issue, a "Commercial Auto Ministry Use Endorsement," provides:

**II. LIMIT MODIFICATION—PERSONS USING YOUR "AUTO" FOR OTHER THAN "YOUR MINISTRY OPERATIONS"—**

If a "loss" should occur while any person covered under this policy is operating an "auto" while not in furtherance of "your ministry operations", then, *with respect to the liability of such person for any "loss",* we will pay no more than the required minimum financial responsibility amount applying to such "auto" in relation to such "loss". This reduced limit will supercede and replace the limits shown on the Declarations for liability coverage, uninsured / underinsured motorist coverage, and any other liability-related coverage with respect to such "loss".

This Limit Modification will apply: (1) whenever a person covered under this policy is operating or using an "auto" for personal purposes (or for any purpose other than in furtherance of "your ministry operations"); or (2) whenever your covered "auto" is rented or loaned to another institution for the benefit of such institution, or for the benefit of any person or entity other than you.

(Emphasis added.)

Brotherhood moved for partial summary judgment arguing that at the time of the collision, Richardson was not driving "in furtherance of [Changed 2 Ministry's] operations," so the unambiguous endorsement applied to limit the amount of UM benefits Richardson could obtain under the policy.

4

The trial court denied Brotherhood's motion. The court agreed with Brotherhood that Richardson was not driving "in furtherance of [the] ministry's operations" at the time of the collision. But the court held that other language in the endorsement—the clause "with respect to the liability of such person for any 'loss,'" and particularly the word "liability" in that clause— is ambiguous and so must be construed against Brotherhood.

We granted Brotherhood's application for interlocutory appeal, and this appeal followed.

2. *The endorsement*.

(a) *Ambiguity*.

Brotherhood argues that the trial court erred in holding that the clause "with respect to the liability of such person for any loss" is ambiguous. We disagree.

At the outset, we note that

in Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. Thus, when faced with a conflict over coverage, a trial court must first determine, as a matter of law, whether the relevant policy language is ambiguous. A policy which is susceptible to two reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction.

5

*Old Republic Union Ins. Co. v. Floyd Beasley & Sons*, 250 Ga. App. 673, 675 (1) (551 SE2d 388) (2001) (citation and punctuation omitted). See also OCGA § 13-2-2 (rules for the interpretation of contracts).

"Whether or not an insurance contract contains an ambiguity is a question of law for the court. A word or phrase is ambiguous only when it is of uncertain meaning, and may be fairly understood in more ways than one so that it involves a choice between two or more constructions of the contract." *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. 771, 773-774 (723 SE2d 1) (2012) (citations and punctuation omitted). "We turn to the policy provisions at issue with these guiding principles in mind." *Blue Ridge Auto Auction v. Acceptance Indem. Ins. Co.*, 343 Ga. App. 319, 321 (2) (807 SE2d 51) (2017).

Brotherhood proposes that the word "liability" in the phrase "with respect to the liability of such person for any 'loss'" means any legal obligation or responsibility to another, which could include Richardson's financial obligation to her medical providers. So, Brotherhood argues, the endorsement applies if Richardson's loss occurred during non-ministry operations to limit her benefits concerning her financial obligations. It contends that Richardson does have some liability for her loss and gives as examples her liability for her medical bills.

6

Richardson, on the other hand, proposes that the endorsement applies if the loss occurs during non-ministry operations to the extent the insured driver has tort liability for any loss resulting from an accident, but not where that driver has no fault. Under that reading, a covered person driving while in a non-ministerial capacity would be subject to some reduction in UM coverage in the event that person had some liability for her own loss. See OCGA § 51-12-33 (apportionment of damages). But a loss the driver is not at fault for is a loss she would not be liable for. Here it is undisputed that Richardson was not at fault. So under that reading she would have full UM coverage.

We can assume for purposes of this appeal that Brotherhood's construction of the clause is reasonable—because whether that construction is reasonable is not dispositive. Conflicting, reasonable constructions of the policy language create an ambiguity, and if the ambiguity cannot be resolved by the rules of contract construction, then the language must be strictly construed against the insurer. *Wade v. Allstate Fire & Cas. Co*., 324 Ga. App. 491, 493 (751 SE2d 153) (2013). And we hold that Richardson's proposed reading of the clause is reasonable. So even if we agree with Brotherhood that the sentence can refer to Richardson's liability for things such as her medical bills, there is ambiguity because we cannot say that Richardson's

reading of the sentence is unreasonable. See *Clark v. AgGeorgia Farm Credit ACA*, 333 Ga. App. 73, 77 (1) (a) (775 SE2d 557) (2015).

Brotherhood argues that the rules of contract construction remove any ambiguity. Relying on the cardinal rule of contract construction—which "is to ascertain the intention of the parties," OCGA § 13-2-3—it argues that the clear intent of the policy is to insure covered persons using covered vehicles for ministry purposes. This rule does not resolve the ambiguity because, "although the cardinal rule of construction is to ascertain the intention of the parties, if the language is susceptible to two different constructions the one most favorable to the insured will be adopted." *Zurich American Ins. Co. of Illinois v. Bruce*, 193 Ga. App. 804, 807 (2) (388 SE2d 923) (1989) (citation and punctuation omitted).

Brotherhood also argues that Richardson's construction of the clause is too narrow. It argues that the other driver's admission to causing the collision does not require a finding that Richardson is not liable for all losses stemming from the collision. But under Georgia law, "[e]xceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." *Zurich American*, 193

8

Ga. App. at 807 (2) (citation and punctuation omitted). And Brotherhood points to no evidence that Richardson has tort liability for the collision.

(b) *The ambiguous language cannot be simply ignored*.

Alternatively, Brotherhood argues that the only factor relevant to determining whether the endorsement applies to Richardson's claim for UM benefits is whether Richardson's loss occurred while she was operating her car in furtherance of the ministry's operations. Because she was not, it argues, the endorsement applies. We disagree because this argument depends upon ignoring the ambiguous clause "with respect to the liability of such person for any 'loss'."

Brotherhood seems to argue that because the endorsement states that it applies to all coverages of the policy, which would include both coverage for Richardson's liability to other drivers as well as Richardson's UM coverage, then the ambiguous clause applies only if a claim is made against Richardson. In other words, it argues that the clause "with respect to the liability of such person" is descriptive of Brotherhood's financial obligation to a third party should Richardson be found liable and thus should be disregarded in this case involving the insured driver's claim for UM benefits, not a third-party's claim for liability benefits.

9

But the endorsement does not limit the application of the clause to claims for liability benefits. Indeed, the endorsement expressly provides that it applies to "ALL COVERAGES of th[e] auto policy." As detailed above, the sentence at issue states: "If a 'loss' should occur while any person covered under this policy is operating an 'auto' while not in furtherance of 'your ministry operations', then, with respect to the liability of such person for any 'loss', we will pay no more than the required minimum financial responsibility amount applying to such 'auto' in relation to such 'loss'." The policy defines "loss" as "direct and accidental loss or damage." So under the sentence at issue, if the endorsement applies because the loss occurred when Richardson was using her car in non-ministry operations, then it applies only "with respect to[1] the liability of [Richardson] for any [direct and accidental loss or damage]," regardless of whether the policy claim is for UM or liability benefits. Brotherhood's reading would disregard the clause "with respect to the liability of such person for any 'loss'" in the context of a claim for UM benefits. "[W]e cannot simply ignore the language [of the clause]." *Clark*, 333 Ga. App. at 76 (1) (a).

---

[1]"The phrase 'with respect to' means 'referring to,' 'concerning,' or 'relating to.'" *Jennings v. Rodriguez*, __ U. S. __, __ (II) (B) (2) (138 SCt 830, 200 LE2d 122) (2018) (Thomas, J., concurring) (citations omitted).

In sum, we agree with the trial court that the clause in the Commercial Auto Ministry Use Endorsement that reduces UM benefits "with respect to the liability of [an insured] for any 'loss'" is ambiguous, the ambiguity cannot be resolved by reliance on the ordinary rules of contract construction, and so the clause must be strictly construed against Brotherhood to have the narrower meaning of tort liability proposed by Richardson. And since Brotherhood has not pointed to evidence creating a material question of fact on the issue of whether Richardson has tort liability for her own injuries, the endorsement does not apply to limit Richardson's UM benefits.

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.